75394. HOGANS et al. v. FOOD GIANT, INC.
(365 SE2d 496)

BEASLEY, Judge.

In this slip and fall case in which plaintiffs appeal, the trial court granted summary judgment after hearing on defendant's "renewed" motion, which was filed together with plaintiffs' depositions. The depositions had not been filed with the original motion but were now offered as evidence in addition to that accompanying the original motion. There had been no hearing on the original motion.

1. Three of the enumerations of error focus on the procedure following the denial of defendant's first motion for summary judgment and seek to persuade that the denial could not be avoided. However, despite plaintiffs' protestations, the trial court was not precluded from taking a fresh look at the evidence in its supplemented status and issuing a new ruling based on an application of the law to all of it in its entirety. The court found that the picture changed, once the depositions were considered.

This, of course, would not require reversing the first order, as it was deemed correct based on the insufficient evidence before the court when it was issued. Neither can appellants complain that there

was no hearing on the first motion, as it was decided in their favor. Nor can they complain that there was a hearing on the "renewed" motion without a proper request under USCR 6.3, as they participated in the hearing and were not harmed by being heard.

OCGA § 9-11-56 does not prohibit successive motions for summary judgment based on additional evidence. Conversely, it does not prohibit the filing of additional evidence once a motion for summary judgment is denied. If a deficiency in evidence can be cured short of trial, then the obvious expedient of a motion more fully supported will achieve final resolution more quickly and inexpensively for all concerned. See *Premium Distrib. Co. v. Nat. Distrib. Co.*, 157 Ga. App. 666, 667 (1) (278 SE2d 468) (1981), and cases cited therein. Denying the opportunity to make such a motion would only delay what would inevitably follow if trial proceeded, i.e., a directed verdict reaching the same result. Even if disposition is not accomplished by the further effort, the issues will be narrowed as contemplated in subsection (d).

2. The last two enumerations claim that there are genuine issues of material fact foreclosing defendant's entitlement to summary judgment, even when the depositions are considered. The evidence of record shows, however, that plaintiffs cannot prevail before a jury, as a matter of law.

Although there is evidence that Mrs. Hogans slipped and fell and was injured on a rainy day soon after she entered the grocery store she had frequented for some years, she does not know what she slipped on or how long whatever she slipped on, if anything, had been on the floor. She did not see anything on the floor at the spot even after she fell, and she has produced no one else who did. Her young son, who came after she fell, felt water or dampness on the floor with his hand at the spot she fell but it was not visible and there was no puddle. Whether it was water spilled or tracked in by someone else or something else altogether or nothing other than what was on her shoe, is subject to conjecture, not the finding of disputed fact. How long the condition was there, if indeed there was a condition on the floor which caused her to slip, is also subject only to speculation. Although there was no mat at the front door on this occasion, plaintiffs show no correlation between this fact and the slip; besides, its absence was patent. On the record in this case, plaintiffs have not shown evidence which would raise a duty on the proprietor to post a sign that the floor might be slippery in the rainy weather.

Consequently, plaintiffs cannot show a dangerous condition, and they cannot show that defendant had superior knowledge of it or a reasonable opportunity to prevent or correct it. Such a state of the evidence prevents recovery from the proprietor. See *Kenny v. M & M Supermarket*, 183 Ga. App. 225 (358 SE2d 641) (1987). As

there noted: "To presume that because a customer falls in a store the proprietor has somehow been negligent would make the proprietor an insurer of his customer's safety, a status not imposed by the law of this state. [Cits.]" Id. at 226. See also *Cook v. Arrington*, 183 Ga. App. 384 (358 SE2d 869) (1987). Compare *Carder v. K-Mart*, 185 Ga. App. 143 (363 SE2d 593) (1987); *Rodriguez v. Piggly Wiggly Southern*, 185 Ga. App. 79 (363 SE2d 291) (1987).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JANUARY 27, 1988.

*Ray C. Norvell, Sr.*, for appellants.
*Donald R. Andersen, Deborah A. Finnerty*, for appellee.