A89A0095. VEAZEY v. F. W. WOOLWORTH COMPANY.
(382 SE2d 411)

CARLEY, Chief Judge.

Appellant-plaintiff slipped and fell in appellee-defendant's store. She brought this action for personal injuries sustained in the fall, alleging that she had slipped as the result of stepping into standing

water. After a period of discovery, appellee moved for summary judgment. The trial court granted appellee's motion and appellant appeals from that order.

In support of its motion for summary judgment, appellee relied upon the affidavits and deposition of its employees as well as the affidavit and deposition of appellant. The evidence, when construed most favorably for appellant, shows the following: She entered appellee's store on a rainy day and walked across an entrance lobby to the top of a stairway. She paused at the top of the stairway, placed her hand on the railing and slipped. She does not know what caused her to fall, but assumes that it must have been an accumulation of rain water on the floor. She did not actually see any such accumulation of rain water, either before or after she fell. Based upon certain actions and statements of appellee's employees, however, she infers that there must have been rain water in the area where she fell and further infers that it must have been the rain water which caused her to fall.

Assuming without deciding that actions and statements of appellee's employees would authorize an inference that the entry to appellee's store was wet, "it does not prove in any measure how or why [appellant] slipped. ' "To presume that because a customer falls in a store that the proprietor has somehow been negligent would make the proprietor an insurer of his customer's safety which he is not in this state." ' [Cit.] This record is silent as to why or how appellant slipped, or upon what." *McGauley v. Piggly-Wiggly Southern,* 170 Ga. App. 851, 852 (319 SE2d 15) (1984). "Whether it was water spilled or tracked in by someone else or something else altogether or nothing other than what was on her shoe, is subject to conjecture, not the finding of disputed fact. How long the condition was there, if indeed there was a condition on the floor which caused her to slip, is also subject only to speculation. Although there was no mat at the front door on this occasion, [appellant] show[s] no correlation between this fact and the slip; besides, its absence was patent. On the record in this case, [appellant has] not shown evidence which would raise a duty on the proprietor to post a sign that the floor might be slippery in the rainy weather. Consequently, [appellant] cannot show a dangerous condition, and [she] cannot show that [appellee] had superior knowledge of it or a reasonable opportunity to prevent or correct it. Such a state of the evidence prevents recovery from the proprietor. [Cit.]" *Hogans v. Food Giant,* 185 Ga. App. 645, 646 (2) (365 SE2d 496) (1988). The trial court correctly granted summary judgment in favor of appellee. See also *Humphries v. Gulf Oil Corp.,* 188 Ga. App. 557 (373 SE2d 659) (1988).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MAY 19, 1989.

*David J. Llewellyn, William B. Simpson*, for appellant.
*R. Chris Irwin & Associates, David L. Whitman*, for appellee.