A89A2011. SORRELLS v. EMORY HOSPITAL.
(391 SE2d 10)

BANKE, Presiding Judge.

The appellant sued to recover for personal injuries she allegedly sustained when she slipped and fell on a parking deck owned and operated by the appellee. She brings this appeal from the grant of the appellee's motion for summary judgment.

At the time the incident occurred, the appellant, accompanied by her son, was on her way to the Emory University Clinic to attend a scheduled doctor's appointment. After parking, they proceeded to walk across the parking deck toward the clinic, taking a short cut because of construction in the area. As they were walking between two cars which were stopped at the toll booth waiting to exit the deck, the appellant's son let go of her arm, and she fell. The appellant testified that she was unaware at the time of what had caused her to fall but that her son later told her there was a hole in the ground at the location in question. The son testified that he did not see his mother fall and did not know at the time what had caused her to do so but that he returned to the site later the same day "to find out exactly why she fell" and at that time noticed a hole in the concrete which he "assumed" had caused the fall. *Held*:

1. The appellant contends that the trial judge erred in refusing to recuse himself. Approximately one hour before the scheduled hearing on the appellee's motion for summary judgment, the parties were advised that another judge would be sitting in for the judge to whom the case had originally been assigned. Counsel for the appellant expressed concern over the substitution on the ground that the new judge was employed by Emory University, but the judge assured the litigants of his impartiality and explained that while he had previously been employed as associate dean of the Emory University School of Law, he

had resigned from that position and was presently connected with the law school only in the capacity of adjunct professor. Although the judge offered to take the matter off the calendar, appellant's counsel elected instead to proceed with the hearing subject to an oral motion to recuse the judge, which was denied.

"All motions to recuse or disqualify a judge presiding in a particular case or proceeding shall be in writing, accompanied by an affidavit asserting the facts upon which the motion is founded, and timely filed." Rule 25.1, Uniform Superior Court Rules, 253 Ga. at 841. See generally *Patterson v. Butler*, 187 Ga. App. 740, 741 (371 SE2d 268) (1988). Although the appellant in this case did not learn of the alleged grounds for disqualification until just prior to the hearing, it is apparent from the record that she was offered a continuance which she chose not to accept. Assuming that a recusal would have been appropriate under the circumstances, a continuance would have been necessary in any event to enable another judge to preside over the hearing. See *State v. Fleming*, 245 Ga. 700 (1) (267 SE2d 207) (1980). The appellant obviously could not have it both ways, and we must conclude that she waived any recusal rights she might otherwise have had by choosing to go forward with the hearing.

2. The appellant's remaining enumerations of error concern the merits of the court's grant of summary judgment to the appellee. There was no actual evidence that the appellant's fall had resulted from a hole in the concrete surface of the parking deck, but only speculation. Moreover, the "assumption" by the appellant's son that the fall had been caused by such a defect was rebutted by the deposition testimony of an Emory police officer who stated that it was his duty to inspect the parking deck for unsafe conditions, that he had no prior knowledge of any hole in the concrete prior to the appellant's fall, and that after speaking with the appellant's son on the afternoon in question he had inspected the location in question and had found no such defect. This witness further testified that when he had spoken with the appellant and her son on the day of the incident neither of them had been able to say what caused the fall. While the appellant produced photographs purporting to depict a hole in the concrete at the location in question, these photographs were not taken until approximately a year after the incident. Under the circumstances, we hold that the trial court did not err in granting the appellee's motion for summary judgment. *Hogans v. Food Giant*, 185 Ga. App. 645, 646 (365 SE2d 496) (1988). See also *Veazey v. F. W. Woolworth Co.*, 191 Ga. App. 601 (382 SE2d 411) (1989).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

560

DECIDED FEBRUARY 2, 1990 —
REHEARING DENIED FEBRUARY 20, 1990 — 

*MacDowell & Associates, C. Frederick MacDowell,* for appellant.
*Long, Weinberg, Ansley & Wheeler, Suzanne Trexler, Earl W.
Gunn,* for appellee.