A00A0664. HUDSON v. J. H. HARVEY COMPANY.
(536 SE2d 172)

POPE, Presiding Judge.

Eddie Lee Hudson sued J. H. Harvey Company for damages after she slipped and fell in a Harvey's supermarket. Hudson appeals the trial court's grant of summary judgment in favor of Harvey. Because there is no evidence that Hudson slipped on a hazard, we affirm.

On December 18, 1996, Hudson went shopping at Harvey's supermarket. It was raining, and Hudson's neighbors, who had driven her to the store, let her out of the car in front of the entrance.

She stepped out of the car and took a few steps to the covered sidewalk outside the store entrance. She went into the store where a rug had been placed just inside the entranceway. Hudson took several steps on the rug and then slipped and fell when her right foot stepped off the rug. She fell onto her hands and knees. Hudson's pants did not get wet when she fell, nor did she see water on the floor. A store patron who saw Hudson fall did not see water on the floor. The store manager inspected the floor after Hudson's fall and discovered no foreign substances. She testified that she believed that the entrance rug was wet because of the numerous people entering the store on a rainy day, but she had no direct knowledge that the rug was wet.

In order to prevail on summary judgment, the moving party must demonstrate that there are no genuine issues of any material fact and that the undisputed facts, viewed in a light most favorable to the nonmoving party, support a judgment as a matter of law. *Hutchins v. J. H. Harvey Co.*, 240 Ga. App. 582, 584 (524 SE2d 289) (1999). "A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case." (Emphasis omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Under *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997), in order to recover for injuries sustained in a slip and fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner or occupier.

Hudson cannot meet the first prong of this test because there is no evidence that she slipped on a hazard. Her complaint alleges that Harvey failed in its duty to keep passageways intended for public use clear of water and other slippery substances. A plaintiff who alleges she slipped on a foreign substance must present some evidence of a foreign substance on the ground where she slipped. *Williams v. EMRO Marketing Co.*, 229 Ga. App. 468, 469 (2) (494 SE2d 218) (1997). Hudson has not shown why she slipped. And speculation cannot establish causation. See *Avery v. Cleveland Ave. Motel*, 239 Ga. App. 644, 645 (1) (521 SE2d 668) (1999).

This case is similar to *Veazy v. F. W. Woolworth Co.*, 191 Ga. App. 601 (382 SE2d 411) (1989). There, the plaintiff slipped in defendant's store on a rainy day, but she did not know why she slipped. She assumed that it was by reason of an accumulation of rainwater. This court upheld the trial court's grant of summary judgment in favor of the defendant, noting that "[t]o presume that because a customer

falls in a store that the proprietor has somehow been negligent would make the proprietor an insurer of his customer's safety. . . . [Cit.]" Id. at 602.

In factually similar slip and fall cases for which summary judgment was not proper, evidence showed that water had accumulated on the floor of defendant's premises. In *Hutchins*, 240 Ga. App. at 584, the plaintiff testified that she saw a clear puddle on the floor where she fell and it soiled her dress. In *Stephens v. Kroger Co.*, 236 Ga. App. 871 (513 SE2d 22) (1999), although the plaintiff could not see the water on the floor before she fell, she testified that she felt her hand in water after she fell. In *Sutton v. Winn-Dixie Stores*, 233 Ga. App. 424, 427 (504 SE2d 245) (1998), the plaintiff was looking straight ahead when she fell, but her pants were soaked when she got up. Here, Hudson did not see any water after she fell. She did not feel any water after she fell. And she did not notice any water on her clothes.

In *Robinson*, our Supreme Court indicated that the routine issues of premises liability are not generally susceptible of summary adjudication. 268 Ga. at 749. But all Hudson can show here is that she slipped and fell. Evidence of a hazardous condition was required before Harvey could be said to have actual or constructive knowledge of it. Hudson could not meet the first prong of the *Robinson* test. The trial court properly granted summary judgment in favor of Harvey.

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED JUNE 13, 2000.

*Herbie L. Solomon*, for appellant.
*Clyatt, Clyatt & Costner, Robert M. Clyatt, Carl G. Fulp III, Sandra K. Sanders*, for appellee.