## A01A1575. COLVIN v. BRENTWOOD MANOR, LTD. et al.

(554 SE2d 604)

BARNES, Judge.

Monita Colvin sued Brentwood Manor, Ltd., her residential landlord, and Warshaw Properties, Inc., property manager of Brentwood Manor Apartments (hereinafter collectively "landlord"), alleging she was injured because, while leaving her apartment building, she tripped due to the landlord's failure to maintain proper lighting outside the apartment complex. The trial court granted the landlord's motion for summary judgment, and Colvin appeals. For the reasons that follow, we reverse.

"To prevail on summary judgment, the movant must demonstrate that no genuine issues of material fact remain and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." (Punctuation and footnote omitted.) *Kitchens v. Keadle Lumber Enterprises*, 249 Ga. App. 831 (549 SE2d 781) (2001). A defendant meets this burden by showing the court that the documents, affidavits, depositions, and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. Id. Once the defendant discharges its burden, the plaintiff must point to specific evidence giving rise to a triable issue of fact. Id. On appeal, we review the trial court's grant of summary judgment de novo, "viewing the evidence and all reasonable conclusions and inferences drawn from it in favor of the nonmovant." *Martin v. Consolidated Stores Corp.*, 248 Ga. App. 812, 813 (547 SE2d 380) (2001).

Viewed in this light, the record shows that about 11:00 p.m. on a Friday, Colvin tripped on a bunched-up mat on the stoop outside the front door of her apartment building and fell down the steps. She could not see that the mat was bunched up because both an entryway light and a floodlight at the top of the building were out. The only witness to the fall was her daughter, who was three or four years old at the time. The mat had been put out at least several months earlier by the landlord. It was flat when Colvin entered her building at 5:00 or 6:00 p.m. that day, after the rental office had closed for the weekend. She did not know how or when the mat became raised up in the middle, nor did she know how long the entryway light had been out. The landlord's maintenance technician inspected the lighting at the apartment complex at night once a week, but did not know whether the entryway light was working on the night of the incident. He also inspected the hallways, including the mats, once a day.

Colvin responded to the landlord's motion for summary judgment by listing ten facts as to which she contended a genuine issue existed, four of which related to the landlord's regimen of lighting and mat inspection and the remainder to the lack of either backup

lighting or a handrail for the stoop. The trial court granted summary judgment based on its finding that "no evidence has been presented to show that [the] landlord could have had superior, or even equal knowledge of the defects that led to the tenant's fall and injury." Although Colvin separately asserts ten enumerations of error, each of these alleged errors is actually a contention of a genuine issue of fact precluding summary judgment. In the argument section of her brief, Colvin asserts that these facts show the landlord's actual or constructive knowledge of the hazards.

In *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997), our Supreme Court reiterated that "in order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." In this case, the trial court granted summary judgment because it found Colvin failed to show a genuine issue of material fact with regard to her landlord's actual or constructive knowledge of the hazard. In her complaint, Colvin asserts that the hazardous condition was caused by the landlord's failure "to maintain proper lighting outside the apartment complex so that a person exiting the building was unable to see due to the lack of lighting." According to Colvin, the lighting was deficient for two reasons: (1) the single light was not working, and (2) the landlord should have anticipated that one light might stop working and provided two light fixtures or installed one fixture with two bulbs.

We first address the landlord's knowledge with regard to the nonfunctioning light. Since it is undisputed that the landlord did not actually know the light was not working the evening Colvin was injured, we must determine whether constructive knowledge can be imputed to it.

> Constructive knowledge can be established in two ways. First, constructive knowledge can be demonstrated by showing that an employee was positioned in the immediate vicinity and had the opportunity and means to discover and remove the hazard. . . . Second, constructive knowledge may be shown by evidence that the alleged hazard was present for such a length of time that it would have been discovered had the proprietor exercised reasonable care in inspecting the premises.

*Lee v. Food Lion*, 243 Ga. App. 819, 821 (534 SE2d 507) (2000). Colvin cannot use the first method of showing constructive knowledge because all of the landlord's representatives had left the premises at

the time of her injury. Thus, this case turns on the second method of proving constructive knowledge.

In *Straughter v. J. H. Harvey Co.*, 232 Ga. App. 29, 30 (1) (500 SE2d 353) (1998), we held that a plaintiff need not establish how long the hazardous condition has existed if the defendant fails to establish "that reasonable inspection procedures were in place and followed at the time of the incident." In this case, the only testimony in the record about light inspections was the maintenance technician's testimony that "we walk the property once a week at night." When we construe this testimony in the light most favorable to Colvin, the nonmoving party, we cannot find that the landlord has shown that reasonable inspection procedures were followed at the time of the incident. The maintenance technician's statement merely says that a weekly inspection schedule was in place at the time, and that is insufficient. See *Avery v. Cleveland Ave. Motel*, 239 Ga. App. 644, 646 (2) (521 SE2d 668) (1999) (testimony that inspection procedures in place insufficient to support defendant's summary judgment motion when no testimony inspections actually made). "In order to prevail at summary judgment based on lack of constructive knowledge, the owner must demonstrate not only that it had a reasonable inspection program in place, but that such program was actually carried out at the time of the incident." (Footnote omitted.) *Hutchins v. J. H. Harvey Co.*, 240 Ga. App. 582, 585 (2) (524 SE2d 289) (1999). Thus, there is a genuine issue of fact with regard to the landlord's constructive knowledge of the nonfunctioning light.

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 6, 2001.

*Zachary & Segraves, Rick S. Sexton,* for appellant.
*Berlon & Timmel, James T. Perry,* for appellees.