A04A0254. BELK DEPARTMENT STORE OF CHARLESTON, S.C., INC. v. CATO.
(600 SE2d 786)

MILLER, Judge.

Belk Department Store of Charleston, S.C., Inc. (Belk) appeals from the trial court's denial of its motion for summary judgment on the personal injury claims of Robert Cato, who was injured when he slipped and fell at a Belk department store. Since Cato failed to come forward with any evidence (and relied only on rank speculation) that a hazardous condition existed where he fell that caused his injuries, we are constrained to reverse.

On appeal from the grant or denial of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant, to

determine whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Holbrook v. Stansell*, 254 Ga. App. 553-554 (562 SE2d 731) (2002). A defendant may prevail on summary judgment "by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Viewed in the light most favorable to Cato, the evidence reveals that Cato entered a Belk department store at a mall in order to cross through the store and get to another area of the mall. At the time that he entered the store, Cato was using crutches, since his right leg was in a cast and in the process of healing from surgery to repair his right Achilles tendon. While traversing an area between two cosmetics counters, Cato's right crutch suddenly "flew out from under [him]" and he fell to the ground, reinjuring his right leg.

Although Cato assumed that he must have slipped on some sort of substance, he did not see or touch any foreign substance on the floor, nor did he see any skid marks that would indicate that a slippery substance (such as residue from a banana peel) had been on the floor. In fact, Cato conceded in his deposition that he was merely supposing or hypothesizing that there was some sort of substance on the ground with which his crutch had come into contact. A Belk employee who proceeded to the area and wiped the floor where Cato fell provided sworn testimony that there was no foreign substance on the floor and that the floor was already clean and dry when she went to clean it.

Although we sympathize with Cato's regrettable situation, Georgia law is clear that "[p]roof of a fall, without more, does not give rise to liability on the part of a proprietor. There must be proof of fault on the part of the owner and ignorance of the danger on the part of the invitee." (Citation, punctuation and emphasis omitted.) *Souder v. Atlanta Family Restaurants*, 210 Ga. App. 291, 292 (1) (435 SE2d 764) (1993). Indeed, "[t]o presume that because a customer falls in a store that the proprietor has somehow been negligent would make the proprietor an insurer of his customer's safety which he is not in this state." (Citation and punctuation omitted.) *Adams v. Sears, Roebuck & Co.*, 227 Ga. App. 695, 697 (3) (490 SE2d 150) (1997). Without evidence of the existence of a foreign substance that somehow caused a fall, there can be no evidence that the defendant had any knowledge of the alleged danger, and therefore no recovery for the plaintiff. *Hudson v. J. H. Harvey Co.*, 244 Ga. App. 479, 480 (536 SE2d 172) (2000).

Here, there is simply no evidence that there was any foreign substance on the floor that caused Cato's fall. Cato merely speculates

that there must have been some substance on the floor *because* he fell. Again, the mere fact that Cato fell does not give rise to liability for the defendant, and absent some evidence that a foreign substance was present, Cato's cause of action must fail. Belk was entitled to summary judgment. See *Moore v. Teague*, 255 Ga. App. 220, 222-223 (564 SE2d 817) (2002); see also *Hudson*, supra, 244 Ga. App. at 480; *Veazey v. F. W. Woolworth Co.*, 191 Ga. App. 601 (382 SE2d 411) (1989); *Kenny v. M & M Supermarket*, 183 Ga. App. 225, 226 (358 SE2d 641) (1987).

*Judgment reversed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JUNE 14, 2004.

*A. Martin Kent, Suzanne R. Pablo*, for appellant.
*Jeffery L. Arnold, Malcolm G. Schaefer*, for appellee.