[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10216
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-02595-WSD


TIMBUK KOFI ATAKORA,

Plaintiff-Appellant,

versus

ROBERT B. FRANKLIN,
President, Morehouse College,
MOREHOUSE COLLEGE,

Defendants-Appellees,

KENNETH HAYMES,
Shareholder, Morehouse College, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 27, 2015)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

On October 17, 2011, Timbuk Kofi Atakora, a student at Morehouse College ("Morehouse"), fell from a temporary concert stage in the Forbes Arena on the Morehouse campus.[1] He had been hired by the college's Homecoming Committee as a videographer to take videos and photographs of a fashion show and a hip-hop concert being presented as part of the homecoming activities. He fell while engaged in this work and was knocked unconscious. He has no recollection of the fall; his first memory of it came while he was in an ambulance en route to the hospital or after he arrived there.[2]

Invoking the District Court's diversity jurisdiction, 28 U.S.C. § 1332, Atakora, proceeding pro se, sued Morehouse and Robert B. Franklin, as Morehouse President, for damages. He alleged the following: that the defendants

> (1) negligently failed to ensure the stage was erected in a safe manner; (2) failed to provide the hospital with his student insurance information; (3) neglected to contact his mother to inform her of his injuries and hospitalization; (4) neglected to ensure that his medical needs were attended to after his release from the hospital; (5) expelled him from Morehouse after an assessment of his need for continued neurological and orthopedic care; (6) trashed his personal effects in his dorm room; (7) refused to release his academic transcript unless he signed a release of liability; and (8) denied him the ability to register for classes.

---

[1] The stage had been constructed by Atlanta Audio Visual, an independent contractor.
[2] Witnesses at the scene speculated as to why or how the fall occurred, but their testimony, consisting of pure speculation, lacked probative value.

2

Doc. 46, at 3-4.

At the conclusion of discovery, the defendants moved the District Court for summary judgment. The court granted their motion, and Atakora lodged this appeal. He argues that the District Court erred: (1) in granting summary judgment on his premises liability claim because there were material issues of fact as to whether the defendants were responsible for the inspection of the premises, including the temporary concert stage, on the day of his accident; (2) in considering an affidavit from Kevin Booker, who negotiated the contract for the construction of the stage, because the contract was signed on behalf of Morehouse by another person; (3) in granting summary judgment on his claim that the defendants improperly disposed of his personal property; (4) in granting summary judgment on his breach of contract claim; and (5) and in rejecting his claim for punitive damages. We do not reach Atakora's arguments with respect to defendant Franklin because his claims against Franklin are patently meritless. Likewise meritless is his claim for punitive damages. We consider instead arguments (1) through (4) as they relate to Morehouse only.[3]

(1) Premise Liability Claim

---

[3] We review a district court's grant of summary judgment de novo, taking the evidence in the light most favorable to the party opposing the motion, here Atakora. Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala., 446 F.3d 1160, 1161-62 (11th Cir. 2006). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Section 51-3-1 of the Georgia Code imposes upon an owner or occupier of land the nondelegable duty "to exercise ordinary care in keeping the premises and approaches safe" where that owner or occupier, "by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose." Ga. Code Ann. § 51-3-1; see Greene v. Piedmont Janitorial Servs., 220 Ga. App. 743, 744, 470 S.E.2d 270, 272 (Ga.App. 1996).

To recover in a premises liability case under Georgia law, an invitee must establish two elements: (1) the fault of the proprietor or owner; and (2) the invitee's ignorance of the danger that caused the invitee's injury. Flagstar Enters., Inc. v. Burch, 267 Ga. App. 856, 857, 600 S.E.2d 834, 835 (Ga.App. 2004).

> The threshold point of inquiry in a . . . fall case is the existence of a hazardous condition on the premises. Hudson v. J.H. Harvey Co., 244 Ga.App. 479, 480, 536 S.E.2d 172 (2000). Proof of a fall, without more, does not create liability on the part of a proprietor or landowner."

Id. A plaintiff cannot rely upon speculation to establish what caused him to . . . fall. Hudson, supra at 480, 536 S.E.2d 172. "Guesses or speculation which raise merely a conjecture or possibility are not sufficient to create even an inference of fact for consideration on summary judgment." (Citations omitted.) Id. at 858. In this case, the record before the District Court on summary judgment contained nothing more than speculation as to the cause of Atakora's fall. The District Court did not err in rejecting Atakora's premises liability claim.

4

(2) Booker's Affidavit

Kevin Booker was Morehouse's Associate Dean for Student Life. The affidavit Atakora challenges established that Booker was the Morehouse executive who negotiated the contract for the construction of the temporary stage from which Atakora fell. As it turns out, it matters not whether the stage was constructed by an independent contractor or Morehouse, since Atakora's premises liability claim fails for a lack of proof as to the cause of Atakora's fall.

(3) Disposal of Personal Property

Pursuant to Ga. Code Ann. § 51-10-6, "any owner of personal property" is authorized to bring a civil action to recover compensatory damages "from any person who willfully damages the owner's personal property." Ga. Code Ann. § 51-10-6(a)(1). The compensatory damages may include, in addition to the value of the property, "any other loss sustained as a result of the willful damage." Id. Where the total value of the claim, including exemplary damages, is less than $5,000, an owner seeking to recover "liquidated exemplary damages" must comply with certain statutory notice requirements. Id. § 51-10-6(a)(2). In addition, the owner of personal property is entitled to its possession, and deprivation of possession or interference with possession are actionable torts. See Ga. Code Ann. §§ 51-10-1 and 51-10-2.

The record reveals a material issue of fact regarding Morehouse's allegedly improper disposition of Atakora's personal property.  Atakora testified on deposition that he was unable to immediately remove his personal belongings from his dorm room following his eviction from the college's campus, and Morehouse agreed to allow him to return to campus at a later date to collect his belongings.  Atakora also submitted affidavits from two individuals stating that they witnessed Morehouse employees disposing of his belongings in trash bags.  Viewed favorably to Atakora, this evidence raised a material issue of fact as to whether Morehouse deprived him of possession of his property or otherwise interfered with his possession.  See Ga. Code Ann. §§ 51-10-1 and 51-10-2.  In addition, a reasonable factfinder could infer from this evidence that, because Morehouse agreed to allow Atakora to return to campus to collect his personal property, its disposal of his belongings before his return was willful.  See Ga. Code Ann. § 51-10-6(a).  In sum, we vacate the summary judgment with respect to this claim, and remand the case for further proceedings thereon.

(4) Breach of Contract Claim

The District Court's order granting summary judgment does not refer to a breach of contract claim, and we are unable to discern one from the allegations of Atakora's complain.  His breach of contract argument therefore fails.

For the foregoing reasons, the judgment of the District Court is

AFFIRMED, in part, and VACATED AND REMANDED, in part.