[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10685

Non-Argument Calendar

_____

TONIA BROADNAX,

Plaintiff-Appellant,

*versus*

SSF IMPORTED AUTO PARTS LLC,
JOHN DOE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-00295-MLB

_____

Before ROSENBAUM, JILL PRYOR, and LAGOA, Circuit Judges.

LAGOA, Circuit Judge:

Tonia Broadnax appeals the district court's order granting SSF Imported Auto Parts LLC's motion for summary judgment on her premises liability negligence claim against SSF. On appeal, Broadnax argues that the grant of summary judgment was improper because there are genuine issues of material fact as to whether SSF breached its duty to keep its premises safe for Broadnax. For the following reasons, we affirm.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Broadnax was an independent contract driver for Cannon Delivery Services, Inc., a third-party delivery company. As part of Broadnax's job, she picked up automobile parts from SSF's warehouse in Norcross, Georgia, for Cannon. On December 21, 2016, Broadnax arrived at around 7:00 a.m. to SSF's warehouse to pick up a delivery. After picking up the delivery, Broadnax slipped and fell on a metal ramp as she was exiting the warehouse, causing her to suffer injuries.

Broadnax subsequently filed a complaint against SSF in Georgia state court in December 2018, alleging a premises liability negligence claim. Broadnax eventually voluntarily dismissed this complaint without prejudice on June 25, 2020.

Then, on December 18, 2020, Broadnax filed a renewed complaint and jury demand in Georgia state court. In her renewed

complaint, Broadnax alleged that the metal ramp she slipped on was "covered with black ice, just outside the building," and constituted a hazardous condition.

SSF removed the renewed action to federal court on the basis of diversity jurisdiction. Broadnax sought to remand the action to state court, but the district court denied her motion.

Broadnax then filed an amended complaint and jury demand. Broadnax again asserted that she slipped on black ice on the metal ramp. She alleged that the ramp "was not treated with rock salt, or sand or any other substance to reduce, eliminate or prevent ice accumulation." She claimed that SSF: was on notice that invitees would be utilizing the ramp that caused her fall; was aware of prior instances where ice accumulation made the ramp unsafe under certain weather conditions; was aware, via actual or constructive notice, that the ramp was slippery; and knew the condition of the ramp constituted a hazardous condition. Broadnax alleged that SSF owed a legal duty under Georgia law of reasonable care to invitees to inspect and keep the premises in a safe condition and that SSF failed to inspect the premises for and remedy the black ice accumulation that caused her fall. She also alleged that SSF failed to warn her of the black ice accumulation and that SSF had superior knowledge and actual or constructive knowledge of the hazardous condition. And Broadnax alleged that SSF had employees in the area where she was injured immediately before and after her fall.

The case proceeded to the discovery phase, and Broadnax was deposed. Broadnax testified to the following during her deposition. On the morning of the incident, Broadnax arrived at SSF's warehouse at around 7:00 a.m. and parked between the ramp and a warehouse door. Broadnax stated that the weather was cold and that she noticed ice on her car's windshield that morning. Broadnax walked up the stairs, entered the warehouse, and proceeded to retrieve the items that she was scheduled to deliver later that day.

Broadnax then began to depart the premises, carrying the items. As she was walking down the ramp, her feet slipped, but she could not say with specificity where her feet were located on the ramp when she fell. Broadnax then fell directly backwards onto the ramp. Broadnax did not see anything on the ramp while she was laying on the ground. When she put her hands on the ramp, she stated that she "felt cold" and "felt ice." But Broadnax did not have any water on her hands nor on any part of her body following the fall. Nor was she sure if there was any ice on her clothing or body following the fall. While Broadnax "felt the ice," she "did not see any ice" on the ramp. She stated that she felt "thin" "ice chips" on the ramp and that her whole hand was cold. But she then stated that she did not know how thick the ice was.

Additionally, Broadnax was the first person to walk down the warehouse's ramp that day. And she did not know the last time an SSF employee was in the area where she fell.

After completing discovery, SSF moved for summary judgment.  SSF argued that Broadnax could not show that SSF had actual knowledge of the hazard that allegedly caused her accident because no evidence demonstrated that SSF had actual knowledge of ice on the ramp.  SSF also argued that Broadnax could not show that SSF had constructive knowledge of the hazard because: (1) she did not see ice on the ramp after her fall and there was no SSF employee in the area that could have easily seen the ice; and (2) no evidence showed that the alleged ice was present for a length of time sufficient for knowledge of it to be imputed to SSF.  SSF further argued that Broadnax could not identity what caused her to fall, as her testimony was speculation and conjecture.  Finally, SSF argued that it did not breach a duty owed to Broadnax regarding naturally accumulating ice in winter weather and that she had equal knowledge of the hazard.[1]

SSF also attached a statement of undisputed material facts to its motion.  Of relevance here, SSF stated that: (1) Broadnax did not know the last time an SSF employee was in the area where the fall occurred nor the last time the ramp was inspected; (2) she was the first person to walk down the ramp that day; (3) she could not say with specificity where her feet were located on the ramp when she fell; (4) she had no water on her hands or any part of her body

---

[1] SSF also argued that Broadnax was required to indemnify SSF because no evidence showed agreement between the parties in its motion.  The district court, however, rejected this argument in granting summary judgment, and the issue is not relevant to this appeal.

following the fall; (5) she did not see ice on the ramp after the fall and "simply felt the cold ramp after [the] fall"; (6) she did not know how thin the ice was or how long it was on the ramp; and (7) she was aware that the weather was cold the morning of the accident and "aware of icy conditions and had noticed ice on her car."

Broadnax opposed SSF's motion, arguing that SSF had superior knowledge of the hazardous condition and that there was a genuine issue of material fact as to whether SSF breached its duty to her when it failed to adhere to its own policy and procedures, e.g., its internal policies and procedures for daily inspections of its premises and its Inclement Weather Policy that mandated ramps to be "winterized" by using de-icing solutions. Additionally, she argued for the first time that the ramp had an "inappropriate pitch/slope." She also provided a response to SSF's statement of facts and her own statement of undisputed material facts. In this response, Broadnax argued that she "did not have notice of any 'icy conditions' at the SSF facility," as her testimony was that "she noticed ice on her windshield as she entered her car when she left home, nothing more." However, she did not respond to any of the other allegations from SSF's statement of material facts.

On February 17, 2023, the district court granted summary judgment in favor of SSF. The district court began by noting that Broadnax had only responded to one of SSF's allegations from its statement of undisputed material facts. As such, the court stated it would deem all the other allegations in SSF's statement of material

facts admitted pursuant to Northern District of Georgia Civil Local Rule 56 if supported by the record.

Turning to SSF's arguments, the district court found that summary judgment was appropriate because Broadnax could not identify what caused her fall. The court explained that Broadnax had alleged that she slipped on black ice in her complaint but that "[b]y the time of summary judgment, it was just an 'icy ramp.'" Further, Broadnax admitted she did not see any ice on the ramp after she fell, could not specify where her feet were on the ramp when she fell nor how thick the ice was, and had no water on her hands or body after she fell. Instead, the court stated that "[s]he merely felt the cold ramp." But, the district court explained, Georgia law required more, as "no one, not even after the fact, witnessed ice on the ramp." As such, the court found that SSF was entitled to summary judgment on this argument. Further, in a footnote, the court noted that it had "discovered" a portion of Broadnax's deposition "in which she claimed to have 'felt the ice,' like 'thin chipped.'" But the court explained that Broadnax had failed to raise this testimony in her response brief and statement of facts and declined to consider it. The court also reasoned that even if it considered this evidence, it still found SSF entitled to summary judgment based on constructive knowledge.

The district court next addressed Broadnax's argument about the "inappropriate pitch/slope" of the ramp. The court found that, to the extent she was citing the slope as the cause of her

injury, she could not do so, as she did not allege the slope as the cause of her injury in her complaint.

The court then addressed SSF's duty and knowledge arguments. The court explained that, even in the case of naturally occurring hazards, it must assess whether SSF had notice of the alleged hazard. The court noted that Broadnax had not alleged actual knowledge of the hazard, so it only considered whether SSF had constructive knowledge. The court explained that Broadnax had only alleged constructive knowledge under an "inspection procedure theory" and that, because there was no evidence of prior incidences or of SSF's employees being in the immediate area, it would only assess constructive knowledge under a reasonable inspection theory. But, the court further explained, it "need not decide whether there was a reasonable inspection procedure because there is no evidence the ice could have been discovered during any such inspection." The court again found that the undisputed evidence showed that Broadnax did not see any ice on the ramp after she fell and could not specify where her feet were located on the ramp when she fell nor how thick the ice was. As a result, the court could not conclude that a reasonable inspection procedure would have prevented the accident. Finally, the court found that because SSF lacked actual or constructive knowledge of the alleged hazard, Broadnax could not show that SSF had superior knowledge to her.

Accordingly, the district court granted SSF's motion for summary judgment. This appeal ensued.

## II.    STANDARD OF REVIEW

"We review *de novo* a district court's grant of summary judgment, viewing all facts and reasonable inferences in the light most favorable to the nonmoving party." *Jurich v. Compass Marine, Inc.*, 764 F.3d 1302, 1304 (11th Cir. 2014). "Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Id.* "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004). And "[a]n issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260.

## III.    ANALYSIS

On appeal, Broadnax argues that the district court erred in granting summary judgment because there are genuine issues of material fact as to whether SSF breached its duty to keep its premises safe for Broadnax. Broadnax asserts that genuine issues of fact remain as to: (1) the faulty and noncompliant set-up of the ramp; (2) SSF's failure to follow internal protocols for maintaining written evidence for its daily safety inspections of its premises; (3) SSF's failure to follows its Inclement Weather Policy, which specifically applied to conditions that created the alleged hazard that injured Broadnax; (4) SSF's failure to utilize supplies and resources onsite to "de-ice" or "winterize" its entryways and ramps as required by its internal policies and procedures; and (5) SSF's liability for leading Broadnax through a bay door to use a ramp for egress when

SSF knew or should have known it failed to follow internal procedures to ensure the directed route was safe to traverse.

Under Georgia law,[2] "[t]he threshold point of inquiry in a slip and fall case is the existence of a hazardous condition on the premises." *El Ranchero Mexican Rest., No. 10, Inc. v. Hiner*, 728 S.E.2d 761, 763 (Ga. Ct. App. 2012) (quoting *Flagstar Enters. v. Burch*, 600 S.E.2d 834, 856 (Ga. Ct. App. 2004)). Thus, "proof of a fall, without more, does not give rise to liability on the part of a proprietor." *Emory Univ. v. Smith*, 581 S.E.2d 405, 406 (Ga. Ct. App. 2003) (quoting *Christensen v. Overseas Partners Cap., Inc.*, 549 S.E.2d 784, 785 (Ga. Ct. App. 2001)). Rather, "[t]he true basis of a proprietor's liability for personal injury to an invitee is the proprietor's superior knowledge of a condition that may expose the invitees to an *unreasonable risk* of harm," and "[r]ecovery is allowed only when the proprietor had knowledge and the invitee did not." *Id.* (quoting *Christensen*, 549 S.E.2d at 785–86). Further, "[w]here the plaintiff does not know of a cause or cannot prove the cause, there can be no recovery because an essential element of negligence cannot be proven." *El Ranchero*, 728 F.3d at 763 (quoting *Flagstar*, 600 S.E.2d at 856). And "[a] mere possibility of causation is not enough and when the matter remains one of pure speculation or conjecture, it is appropriate for the court to grant summary judgment to the defendant." *Id.* (quoting *Flagstar*, 600 S.E.2d at 856); *see, e.g.*, *Hudson v. J.H. Harvey Co.*, 536 S.E.2d 172, 173 (Ga. Ct. App. 200) (affirming

---

[2] We apply Georgia's substantive law in this diversity action. *Newcomb v. Spring Creek Cooler Inc*, 926 F.3d 709, 713 (11th Cir. 2019).

the grant of summary judgment for defendant because the plaintiff had not presented evidence of how she slipped and because "speculation cannot establish causation").

For example, in *Veazey v. F.W. Woolworth Co.*, 382 S.E.2d 411 (Ga. Ct. App. 1989), a plaintiff slipped and fell in the defendant's store and brought a premises liability action against the defendant. *Id.* at 411. The plaintiff had entered the store on a rainy day and walked across an entrance lobby to the top of a stairway. *Id.* The plaintiff then paused, placed her hand on the railing, and slipped. *Id.* The plaintiff did not know what caused her to fall but assumed it was because of an accumulation of rainwater on the floor. *Id.* But the plaintiff did not see any rainwater on the floor before or after she fell. *Id.* The trial court granted summary judgment for defendant, and the Georgia appellate court affirmed. *Id.* The court reasoned that the plaintiff had failed to prove how or why she slipped. *Id.*

Similarly, in *Futch v. Super Disc. Mkts., Inc.*, 526 S.E.2d 401 (Ga. Ct. App. 1999), the plaintiff slipped and fell while shopping in the defendant's grocery store. *Id.* at 403. During the plaintiff's deposition, she admitted that she was not sure what caused her fall but claimed to have seen two puddles of liquid on the floor in the area of the fall after the incident. *Id.* at 403–04. But other than those puddles, the plaintiff did not see anything else in the area. *Id.* The trial court granted summary judgment in favor of the defendant, and the Georgia appellate court affirmed. *Id.* at 404–05. In doing so, the court explained that "the mere presence of two undisturbed

puddles near the area of [plaintiff's] fall" did not raise a genuine issue of fact as to whether she might have slipped in a different puddle of liquid, particularly when she testified that she saw no liquid on the floor where she fell nor noticed any liquid on her hands or clothes. *Id.* at 405.

And, in *Taylor v. Thunderbird Lanes, LLC*, 748 S.E.2d 308 (Ga. Ct. App. 2013), the plaintiff fell when she approached the foul line of a bowling alley lane to bowl her first ball and landed nearly four feet past the foul line. *Id.* at 310. After she fell, the plaintiff's son came to her aid and noticed there was a significant amount of oil in the lane where she fell. *Id.* But when being deposed, the plaintiff testified that "she did not know why she fell" and "did not see any oil in the approach area before the foul line" but that "she believed that there must have been oil in the approach area, which caused her to slip." *Id.* But neither the plaintiff's son nor daughter-in-law noticed any oil on the "approach" side of the foul line, and the daughter-in-law had bowled without incident only moments before the fall. *Id.* at 311. The trial court granted the defendant's motion for summary judgment on the plaintiff's premises liability claim, and the Georgia appellate court affirmed because the plaintiff failed to create a genuine issue of material fact as to whether the oil caused her to slip and fall. *Id.* at 311–12.

Here, the district court found that the cause of Broadnax's fall was pure "speculation or conjecture." The court explained that the evidence showed Broadnax did not see any ice nor was she wet after the fall and that "[o]ther than the ramp being cold and the

weather, [she] present[ed] no evidence for her ice theory." And, the court explained, "no one, not even after the fact, witnessed ice on the ramp." And, in granting summary judgment, the court relied on *Hudson*, in which the Georgia appellate court affirmed the grant of summary judgment in favor of the defendant on the plaintiff's premises liability claim because, despite assuming she slipped on water in the defendant's supermarket on a rainy day, she did not see or feel any water after she fell nor noticed any water on her clothes. 536 S.E.2d at 173.

Reviewing the record, we agree with the district court that the cause of Broadnax's fall was speculative. On the morning of the incident, the weather was cold. Broadnax testified that, after she fell, she "felt cold" on the ramp and asserted that it was ice. But she did not have any water on her hands or body after the fall, nor could she remember if there was any ice on her clothing or body. Broadnax also did not see any ice on the ramp nor was able to say how thick the alleged ice on the ramp was. And she could not identify where her feet were located on the ramp when she fell.

On appeal, Broadnax primarily focuses on whether SSF complied with its own inspection policies and procedures to argue that SSF had constructive notice of the alleged hazard, although she briefly claims that the cause of her fall was not speculative because "she confirmed she felt ice immediately after her fall." But Broadnax does not otherwise address the evidence relied on by the district court. "Evidence of a hazardous condition was required before [SSF] could be said to have actual or constructive knowledge

of it." *See Hudson*, 536 S.E. 2d at 173; *see also Emory Univ.*, 581 S.E.2d at 406. But given the evidence that she saw no ice before or after the fall,[3] Broadnax's assumption that there was ice on the ramp because she felt cold metal on a cold morning is mere speculation and cannot establish causation for her premises liability claim under Georgia law. *See id.*; *Veazey*, 382 S.E.2d at 411; *Futch*, 526 S.E.2d at 404–95; *Taylor*, 748 S.E.2d at 311–12.

Broadnax alternatively argues that the ramp she slipped on had an inappropriate "pitch/slope," of which SSF had constructive notice. But, as the district court noted, Broadnax did not allege that the ramp was too steep in her renewed complaint; she made this argument for the first time in her response to SSF's motion for summary judgment. A plaintiff, however, "may not amend her complaint through argument in a brief opposing summary judgment." *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004); *accord White v. Beltram Edge Tool Supply, Inc.*, 789 F.3d 1188,

---

[3] At one point in Broadnax's deposition, she testified that she felt "ice chips" on the ramp. But as the district court noted, Broadnax did not present this testimony in opposing SSF's summary judgment motion or in her statement of material facts; rather, the district court discovered it "[b]y coincidence" and declined to consider it. Northern District of Georgia Civil Local Rule 56.1(B)(2)(a) provides that the court will deem a movant's facts as admitted unless the respondent "directly refutes the movant's fact with concise responses supported by specific citations to evidence." Broadnax failed to respond to SSF's statement of undisputed facts with this testimony, and we cannot say the district court abused its discretion in applying its local rules and not considering this portion of the testimony. *Cf. Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008).

1200 (11th Cir. 2015). Rather, if Broadnax intended to rely on the ramp's slope as an issue, the proper course was for her to amend her complaint in accordance with Federal Rule of Civil Procedure 15(a).[4] We therefore decline to consider Broadnax's arguments about the ramp's slope.

Accordingly, because Broadnax failed to establish causation for her premises liability claim under Georgia law, we affirm the district court's grant of summary judgment in favor of SSF.

## IV.    CONCLUSION

For these reasons, we affirm the district court's order granting summary judgment in favor of SSF.

**AFFIRMED.**

---

[4] We also reject Broadnax's argument that her complaint's allegation of "[t]he condition of the ramp, at the time of [her] fall, constituted a hazardous condition" was sufficient to put SSF on notice that she was claiming the ramp's slope was a hazard. As the Supreme Court explained in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the pleading standard in Federal Rule of Civil Procedure 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do[,]' [n]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). Simply put, Broadnax's allegation that "[t]he condition of the ramp . . . constituted a hazardous condition" did not put SSF on notice that Broadnax was claiming the ramp's slope constituted a hazardous condition, especially when coupled with the complaint's allegation that identified "black ice" on the ramp as the cause of her fall.