A01A1865. HANSEN v. COOPER et al.
(559 SE2d 740)

SMITH, Presiding Judge.

After slipping and falling on some wet grass in her neighbors' yard, Joan Hansen brought a personal injury lawsuit against her neighbors, Harry A. Cooper, M.D. and Beverly Cooper. The Coopers sought and obtained summary judgment. Although Hansen claims that material issues of disputed fact precluded summary judgment, we find otherwise and affirm.

On appeal from a grant of summary judgment, this court conducts a de novo review of the record while construing the evidence and all reasonable inferences in favor of the nonmoving party. *Maddox v. Southern Engineering Co.*, 231 Ga. App. 802, 803 (500 SE2d 591) (1998). When the evidence is viewed more favorably toward Hansen, the nonmovant, the record shows the following. Before departing on vacation, Dr. Cooper arranged for Hansen to pick up the newspapers and mail at the Coopers' home. For six days, Hansen did so without incident. But, on the seventh day, after Hansen took three or four steps off the driveway and was bending to retrieve a newspaper, she suddenly slipped and fell, breaking her leg. When Hansen fell, it was about 6:30 a.m., on a summer morning, and she said that "there was probably a light dew" on the lawn. Hansen testified that while sliding on the grass, she saw water come up around her shoe. Hansen alleged that the cause of her fall was the Coopers' failure to maintain their property, specifically, their underground sprinkler system. Hansen described the grass where she slipped as "water-

---

[5] *Shelnutt v. State*, 234 Ga. App. 655, 656 (1) (506 SE2d 643) (1998).

soaked" and "soggy." She testified that "the drenched and saturated ground at the accident site was not the result of rain; that the ground at her own home and neighborhood was parched as there had been no rain in two (2) weeks, except for [a] small amount occurring on the evening after the fall." She deduced that the "water obviously came from the malfunctioning [sprinkler] system."

In support of summary judgment, the Coopers offered an affidavit from David R. Goodoien, a certified irrigation designer and contractor. Retained by Hansen and at her behest, Goodoien conducted an inspection of the sprinkler system in September 1998. Goodoien testified that he was unable to turn the irrigation system on and that water would not flow through the pipes. Only after excavating into the ground and digging up an area to expose the gate valve and PVC mainline was Goodoien then able to see "a small amount of water leaking through the gate valve, which I would describe as only a small drip." The leak was not visible from above, and to locate the leak, it was necessary to dig up the ground, cut away a section of pipe, and disassemble part of the valve. Goodoien testified, "I do not believe that the small amount of water that was leaking at the gate valve on the left side of the driveway could have made it over to the right side of the yard since the pipes were not functioning and since it was such a small amount of water leaking."

The evidence shows that the underground sprinkler system had been turned off approximately a year earlier and had not been in use for five to ten years. After the system stopped working properly, the Coopers decided because of the cost of repair that "we'd just rather do without it." Beverly Cooper confirmed that the system had not been in use for eight to ten years. Dr. Cooper denied knowing about any leaks in the area where Hansen fell. The Coopers also offered evidence that their yard had been professionally maintained once a week for the six months before the incident. Although Dr. Cooper apparently told Hansen that the leakage of water may earlier have caused the driveway to crack, he testified that he had never been notified about any leaks from the dormant sprinkler system or any other type of hazardous condition on the lawn.

In opposition to summary judgment, Hansen relied primarily on her own affidavit and that of David M. Rychlik.[1] Hansen believed that the sprinkler system was defective and malfunctioning and that the Coopers "had notice thereof." She testified that Dr. Cooper admitted knowing that the sprinkler system was broken but had not repaired it because of the expense involved. Hansen also testified

---

[1] Hansen supplemented her response with the affidavit of Robert A. Scott, an irrigation consultant.

that the area where she fell was "at the lowest point of the sprinkler line." Rychlik recounted Dr. Cooper as having said that he had not repaired the sprinkler system because "he felt it would be too expensive to repair." Hansen testified that she did not notice the ground was wet before she slipped. Hansen's expert witness, Robert A. Scott, testified that the gate valve was not manufactured to withstand the back flow of water. Scott testified that the absence of back flow prevention would allow the seepage of water across and underneath the driveway.

After reviewing the evidence and argument, the trial court determined that the Coopers were entitled to judgment as a matter of law and granted their motion for summary judgment. Hansen filed this appeal.

Hansen contends that material issues of disputed fact foreclosed summary judgment. She claims that a jury must resolve 26 separate factual questions. We disagree. To prevail on summary judgment the moving party must demonstrate:

> that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. [Cit.]

*Hoffman v. Fletcher*, 244 Ga. App. 506, 507 (535 SE2d 849) (2000). Here, after the Coopers established that Hansen lacked evidence to support an essential element of her claim, all other factual issues became immaterial. *Shepard v. Wal-Mart Stores*, 226 Ga. App. 819 (487 SE2d 664) (1997).

Hansen, who entered the Coopers' property by express invitation to collect their mail and newspapers, was an invitee. See *Anderson v. Reynolds*, 232 Ga. App. 868, 869 (502 SE2d 782) (1998). "[A]n owner or occupier of land is liable in damages to invitees who come upon the land for injuries occasioned by his failure to exercise ordinary care in keeping the premises safe." *Murphy v. Blue Bird Body Co.*, 207 Ga. App. 853, 857 (3) (429 SE2d 530) (1993); OCGA § 51-3-1. As a result, the Coopers owed Hansen a duty of reasonable care.

In premises liability cases, proof of falling or slipping, without more, does not give rise to liability on the part of the property owner. *Hallberg v. Flat Creek Animal Clinic*, 225 Ga. App. 212, 215 (2) (483 SE2d 671) (1997). Instead, a plaintiff may recover only if the property owner had knowledge of the condition and the plaintiff did not know about it. *Hannah v. Hampton Auto Parts*, 234 Ga. App. 392, 394 (506 SE2d 910) (1998). The true ground of liability is the defendant's

superior knowledge about the existence of a condition that may subject the invitee to an unreasonable risk of injury. *Pound v. Augusta Nat.*, 158 Ga. App. 166, 167-168 (279 SE2d 342) (1981). To fulfill the duty to inspect premises to keep them safe from defects including hidden defects, the law requires only the exercise of ordinary care, not extraordinary care. *Armenise v. Adventist Health System/Sunbelt*, 219 Ga. App. 591, 593 (466 SE2d 58) (1995).

In this case, it is undisputed that the Coopers were away on vacation at the time of the incident. Dr. Cooper denied having any knowledge about the alleged defective condition on the lawn and could not recall having seen an accumulation of water in the area where Hansen fell. Although the evidence certainly indicates that the Coopers knew that their sprinkler system was broken and nonfunctional, having been turned off after the pipes burst and cracked the driveway, no evidence shows that they knew that the defunct system had created a hazard on their lawn at the time that Hansen fell. Since the record contains no evidence that the Coopers had actual knowledge of the alleged hazardous condition, Hansen had to establish their constructive knowledge of it. *Anderson*, supra, 232 Ga. App. at 870. This she failed to do. Even assuming arguendo that the alleged soggy condition of the grass was caused by a leak in the Coopers' defunct lawn sprinkler system, testimony showed that this cut-off valve was buried 18 inches underground and that the small leak was discoverable only upon digging down into the ground adjacent to the driveway. Only after excavating did Goodoien find a "small drip" at the cut-off valve. Since the alleged defect was incapable of discovery by reasonable inspection, the Coopers established their lack of actionable constructive knowledge. See *Barksdale v. Nuwar*, 203 Ga. App. 184, 185 (416 SE2d 546) (1992). In the absence of evidence that the Coopers failed to discharge the duty of ordinary care owed to Hansen, summary judgment was authorized. See id. at 186.

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED JANUARY 31, 2002.

*Sarah M. Wayman*, for appellant.
*Chambers, Aholt & Rickard, Ian R. Rapaport*, for appellees.