A02A1017. LAKE et al. v. ATLANTA LANDMARKS, INC. et al.
(570 SE2d 638)

ANDREWS, Presiding Judge.

Jana and Christopher Lake appeal from the trial court's order granting summary judgment to the Fox Theatre on their claim for damages. The Lakes filed suit after Jana Lake slipped and fell down the stairs while attending a performance at the theater. Because the trial court correctly held that Jana Lake's knowledge of any risk involved in walking down the stairs was at least equal to that of the Theatre, we affirm.

Summary judgment is proper when the evidence, construed in the nonmovant's favor, shows no issue of material fact remains and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c).

> A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue [of fact].

*Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

In this case, Jana Lake testified at her deposition that on the night of the accident, she and her husband went to an opera at the Fox Theatre. Lake was approximately nine months pregnant at the time. When they entered the theater, they walked up the stairs to get

[26] See *Dorsey v. State*, 251 Ga. App. 640, 642 (2) (554 SE2d 278) (2001).

to their seats. At intermission, they left their seats to walk down to the lobby. Lake said she walked down approximately twenty stairs to a landing, and then walked down another ten stairs, holding the handrail with one hand and her husband's arm with the other. Lake said she recalled putting her foot on the first stair of the next flight, but could remember nothing else until she found herself at the bottom of the flight of steps. She said she had grasped the handrail and was holding on to her husband's arm, but had no explanation of how she came to fall. When asked, "do you have any idea what may have caused you to slip?" Lake replied, "No, I don't." Lake said that she would not have stepped down if she had not thought it was safe.

Lake later submitted an affidavit stating that inadequate illumination in the stairwell caused her to slip and fall. She also presented testimony from a lighting expert that the lighting in the theater failed to meet the recommended levels of illumination as set out by the Illuminating Engineering Society of North America.

A Fox employee testified that he remembered two prior slip and fall accidents in which lighting was an issue. He stated that the problem was not one of insufficient lighting, but rather of an inconsistent level of light from one level to the next. The problem was corrected, and the employee stated that he was not aware of any falls on the level where Jana Lake fell nor of any complaints about the lighting or the stairs.

The trial court granted the Theatre's motion for summary judgment, concluding that plaintiffs had not carried their burden because they had not shown that defendant had actual or constructive knowledge of any hazard nor that plaintiffs were ignorant of the danger. The court found no causal connection between any conduct by the defendant and Lake's injury. This appeal followed.

An owner or occupier of land is liable in damages to invitees who come upon the land for injuries occasioned by his failure to exercise ordinary care in keeping the premises safe. OCGA § 51-3-1. The invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard, and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403) (1997).

In premises liability cases, proof of falling or slipping, without more, does not give rise to liability on the part of the property owner. *Hallberg v. Flat Creek Animal Clinic*, 225 Ga. App. 212, 215 (2) (483 SE2d 671) (1997). Instead, a plaintiff may recover only if the property owner had knowledge of the condition and the plaintiff did not know about it. *Hannah v. Hampton Auto Parts*, 234 Ga. App. 392, 394 (506

SE2d 910) (1998). The true ground of liability is the defendant's superior knowledge about the existence of a condition that may subject the invitee to an unreasonable risk of injury. *Pound v. Augusta Nat.*, 158 Ga. App. 166, 167-168 (279 SE2d 342) (1981). To fulfill the duty to inspect premises to keep them safe from defects including hidden defects, the law requires only the exercise of ordinary care, not extraordinary care. *Armenise v. Adventist Health System/ Sunbelt*, 219 Ga. App. 591, 593 (466 SE2d 58) (1995).

*Hansen v. Cooper*, 253 Ga. App. 533, 535-536 (559 SE2d 740) (2002).

Although the issue of a plaintiff's exercise of due diligence for [her] own safety is ordinarily a question for the jury, it may be summarily adjudicated where the plaintiff's knowledge of the risk is clear and palpable. Plaintiff is charged with knowledge of those defects which [she] had actually observed or which were so transparently obvious that [her] failure to observe them cannot reasonably be excused.

(Citations omitted.) *Brown v. Carlisle*, 214 Ga. App. 483, 484 (448 SE2d 256) (1994).

In this case, although Jana Lake first stated at her deposition that she had no idea why she fell, she later submitted an affidavit stating that inadequate illumination in the stairwell caused her fall. But, it is well settled that in order to recover, Lake must show that the theater had knowledge of a dangerous condition and she had none. She has not done so. Lake was aware of the amount of light in the theater. She had already walked upstairs to get to her seat and then walked down several more stairs before she fell. Moreover, if she thought it was too dark for her to walk down the stairs, it was incumbent upon her, as the trial court pointed out in its order, to inquire about alternatives.[1]

Accordingly, because Lake has come forward with no evidence tending to show that she was not at least as aware as the defendant of any danger to her in walking down the stairs, the Lakes are unable to show that there are genuine issues of material fact as to all essential elements of their claim. *Lau's Corp.*, supra. Therefore, the trial court did not err in granting summary judgment to the Fox Theatre.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

---

[1] Lake stated in her affidavit that she was unaware there was an elevator available.

DECIDED AUGUST 28, 2002.

*Kevin C. Ford*, for appellants.

*Swift, Currie, McGhee & Hiers, Charles B. Marsh, Sharon L. Neal*, for appellees.