## A04A0413. FLAGSTAR ENTERPRISES, INC. v. BURCH.
### (600 SE2d 834)

SMITH, Chief Judge.

Charles Richard Burch sued Flagstar Enterprises, Inc. d/b/a Hardee's for negligence, asserting that Hardee's was liable for injuries incurred when he slipped and fell while at a Hardee's restaurant "in some water that had accumulated in the entryway." The trial court denied Hardee's motion for summary judgment but certified its ruling for immediate review. We granted Hardee's application and reverse because we find that Hardee's was entitled to judgment as a matter of law.

Summary judgment is proper when no genuine issue of material fact remains for resolution and the undisputed facts, when considered in the light most favorable to the nonmoving party, warrant judgment as a matter of law. *Emory Univ. v. Smith*, 260 Ga. App. 900 (581 SE2d 405) (2003). So viewed, the record shows that Burch drove to Hardee's to meet some friends for breakfast. He usually met them on three or four mornings a week. While en route, Burch noticed that the weather was overcast and that it had just started to sprinkle. Burch recalled using the intermittent setting on his windshield wipers. Burch could not remember whether there had been rain the night before or whether there were puddles alongside the road.

Between 6:45 and 7:00 a.m., Burch parked outside the side entrance of the restaurant and then "just walked in the side door instead of the front door." He testified that "[i]t was not raining near enough to [use an umbrella]." After entering Hardee's, he noticed that the surface of the tile floor seemed "slick," and so, he stated, "I was extra cautious trying to watch my step." Burch turned left and began walking toward the service counter but after proceeding about ten feet inside the door, he fell. His friend, Larry Tucker, came over and helped him up. After Burch informed the manager of his fall, "She got the mats out and put them out there at the door and put the wet floor signs out." After purchasing some food Burch ate breakfast with his friends, and during that time, according to Burch, they discussed what might have made the floor slick, speculating that "it might have been something they mopped with" or that something in the cleaning solution had not been mixed properly.

Hardee's contends that the trial court erred in denying its motion for summary judgment because Burch failed to prove the existence of a hazardous condition on its premises and failed to show that Hardee's had superior knowledge of that purported hazard. We agree. The threshold point of inquiry in a slip and fall case is the existence of a hazardous condition on the premises. *Hudson v. J. H. Harvey Co.*, 244 Ga. App. 479, 480 (536 SE2d 172) (2000). Proof of a fall, without

more, does not create liability on the part of a proprietor or landowner. *Lake v. Atlanta Landmarks*, 257 Ga. App. 195, 196 (570 SE2d 638) (2002). "It is common knowledge that people fall on the best of sidewalks and floors." (Citations, punctuation and footnote omitted.) *Cohen v. Target Corp.*, 256 Ga. App. 91, 93 (567 SE2d 733) (2002).

In order to recover in a premises liability case, a plaintiff must establish two elements: (1) fault of the proprietor or owner; and (2) the invitee's ignorance of the danger. *Shansab v. Homart Dev. Co.*, 205 Ga. App. 448, 450 (3) (422 SE2d 305) (1992). "The true basis of a proprietor's liability for personal injury to an invitee is the proprietor's superior knowledge of a condition that may expose the invitees to an unreasonable risk of harm." (Citations, punctuation and footnote omitted.) *Christensen v. Overseas Partners Capital*, 249 Ga. App. 827, 828 (549 SE2d 784) (2001).

When an appropriate building material is used, the tendency of a surface to become slippery when exposed to rainwater is generally not a hazardous condition because it does not present an unreasonable risk of harm. *Cohen*, supra at 93. In addition, in rainy day slip and fall cases, plaintiffs "are charged with equal knowledge that water is apt to be found in any area frequented by people coming in from the rain outside." (Citations and punctuation omitted.) *Mansell v. Starr Enterprises/Texaco*, 256 Ga. App. 257, 259 (568 SE2d 145) (2002).

Apparently recognizing the principles peculiar to rainy day slip and fall cases, Burch has attempted to retreat from his "wet floor" allegations. In his verified complaint, Burch identified the "dangerous condition" as being "the floor was wet, no warning signs were present, and no other warnings of said wet condition were given to invitees." In that same verified complaint, Burch alleged that he "slipped and fell in some water that had accumulated in the entryway of said Hardee's restaurant." Burch also asserted that Hardee's had negligently maintained its floor and breached a duty to warn him of the danger of the wet floor.

Burch, however, failed to offer evidence to support these allegations.[1] Upon inquiry, Burch was unable to specify what caused the tile to become slick and in what, if anything, he had fallen. When asked, "What did you fall in?" Burch responded, "I have no idea." When asked, "Well, prior to hitting this spot where you fell during that ten feet or so that you were inside had you noticed the floor being slick?" Burch answered, "Yes, sir. I was extra cautious trying to watch my

---

[1] The record contains no indication that the trial court considered the obvious contradictions between Burch's testimony and his verified complaint. Cf. *Cook v. Partain*, 224 Ga. App. 251, 252 (1) (a) (480 SE2d 279) (1997) (witness's testimony properly impeached at trial by use of contradictory pleading).

step." Burch denied seeing any puddled water, spilled coffee, or other liquid substance on the floor, and he conceded that he had no idea why the floor was slippery that morning. Burch did not know whether his clothing was wet after he fell, and he did not feel the floor to determine if it was wet. When he looked at the bottom of his shoes, he saw nothing on them. He testified that he thought the floor had a "damp film" on it, but he did not know what the film was and did not get a sample of it.

A plaintiff cannot rely upon speculation to establish what caused him to slip and fall. *Hudson,* supra at 480. "Guesses or speculation which raise merely a conjecture or possibility are not sufficient to create even an inference of fact for consideration on summary judgment." (Citations omitted.) *Brown v. Amerson,* 220 Ga. App. 318, 320 (469 SE2d 723) (1996). Burch had to prove more than the existence of a slick or wet floor. He had to prove that the condition of the floor constituted an unreasonable hazard and that Hardee's had superior knowledge of that hazard. *Emory Univ.,* supra, 260 Ga. App. at 902. This he failed to do.

When the record lacks evidence sufficient to create a genuine issue as to any essential element of a plaintiff's claim, "that claim tumbles like a house of cards." (Citations omitted.) *Hansen v. Cooper,* 253 Ga. App. 533, 535 (559 SE2d 740) (2002). Mere speculation that a floor cleaning solution might not have been properly mixed or that rainwater had accumulated on a floor is not enough to create an issue of fact to avoid summary judgment. See *Mansell,* supra at 259. Burch's conjecture that a "damp film" somehow caused his fall remains nothing more than mere speculation. See *Brown,* supra at 320. Burch failed to offer evidence that the condition of Hardee's floor constituted an unreasonable risk of harm. See *Emory Univ.,* supra.

Without question, Burch was aware of the rainy weather and knew that the surface of the floor was slippery. In fact, Burch testified that the floor "was so slick you couldn't hardly stand up. The whole floor was slick, it wasn't just that one spot." While under oath, Burch admitted knowing before his fall that the surface of the floor was "slick" testifying for that reason, he had tried to be "cautious." Burch, however, failed to come forward with any evidence that at the time of his fall, Hardee's knew about this purported danger on its premises. Compare *Gourley v. Food Concepts,* 229 Ga. App. 180, 182 (493 SE2d 587) (1997) (when defendant knew of floor's slippery condition, whether patron had equal knowledge of that danger and whether, in the exercise of ordinary care, she could have avoided it, required jury resolution). Burch had equal or superior knowledge of the danger; therefore, Hardee's was entitled to judgment as a matter of law for that reason, too. *Lake,* supra at 197.

*Judgment reversed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JUNE 15, 2004.

*Miller, Cowart & Howe, Craig N. Cowart, Joel A. Howe*, for appellant.

*Clarke, Moore & Hall, Michael J. Moore, Matthew R. Hall*, for appellee.