## A09A2157. MAIRS v. WHOLE FOODS MARKET GROUP, INC.
### (694 SE2d 129)

BARNES, Judge.

Martha Mairs appeals the grant of summary judgment to Whole Foods Market Group, Inc. in her premises liability case arising from her fall in a Whole Foods restroom. Mairs contends the trial court erred by finding that a jury would not find that she exercised reasonable care for her own safety, erred by ruling that the water on the floor was open and obvious, and erred by finding that Mairs failed to exercise ordinary care for her own safety because she had previously walked through the water. We agree and reverse.

The standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). In deciding a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843) (1988). When reviewing the grant or denial of a motion for summary judgment, this court conducts a de novo review of the law and the evidence. *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997).

> Premises liability lies at the intersection of tort law and property law. To recover on a theory of premises liability, a plaintiff must show injury caused by a hazard on an owner or occupier of land's premises or approaches that the owner or occupier should have removed in the exercise of ordinary care for the safety of the invited public. [See OCGA § 51-3-1 ("Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon (the)

premises for any lawful purpose, he (or she) is liable in damages to such persons for injuries caused by his (or her) failure to exercise ordinary care in keeping the premises and approaches safe.").] When a premises liability cause of action is based on a "trip and fall" or "slip and fall" claim — and the lion's share of premises liability cases are [Charles R. Adams, Ga. Law of Torts § 4-6 (a)] — we have refined this general test down to two specific elements. The plaintiff must plead and prove that: (1) the defendant had actual or constructive knowledge of the hazard; and (2) the plaintiff, despite exercising ordinary care for his or her own personal safety, lacked knowledge of the hazard due to the defendant's actions or to conditions under the defendant's control. [*Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327) (1980).]

(Footnotes omitted.) *American Multi-Cinema v. Brown*, 285 Ga. 442, 444-445 (2) (679 SE2d 25) (2009). Because the allegation in this case is that the floor was wet because Whole Foods mopped it, Whole Foods is presumed to have knowledge of the water on the floor. *Alterman Foods v. Ligon*, 246 Ga. at 624. "In this type of case the plaintiff may make out a cause of action by showing an act or omission on the part of the defendant which was the proximate cause of his injury and which could not have been avoided by the plaintiff through the exercise of ordinary care." Id.

Additionally,

to survive a motion for summary judgment, a plaintiff must come forward with evidence that, viewed in the most favorable light, would enable a rational trier of fact to find that the defendant had actual or constructive knowledge of the hazard. At that point, the burden of production shifts to the defendant to produce evidence that the plaintiff's injury was caused by his or her own voluntary negligence (intentional disregard of a known risk) or causal negligence (failure to exercise ordinary care for one's personal safety). If the defendant succeeds in doing so, the burden of production shifts back to the plaintiff to come forward with evidence that creates a genuine dispute of fact on the question of voluntary or causal negligence by the plaintiff or tends to show that any such negligence resulted from the defendant's own actions or conditions under the defendant's control. [*Robinson v. Kroger Co.*, 268 Ga. 735, 746-749 (493 SE2d 403) (1997).]

(Footnotes omitted.) *American Multi-Cinema v. Brown*, 285 Ga. at 444-445.

Giving Mairs the benefit of all reasonable doubt and construing the evidence and all inferences and conclusions therefrom in her favor, as the party opposing the motion, the record shows that Mairs fell in a restroom after using the toilet. Before she fell, she did not notice the floor was wet, but after she fell, she noticed that her clothes were wet where they had touched the floor. As Mairs lay on the floor waiting for the EMTs to arrive, an employee of Whole Foods waited with her, and when the EMTs arrived, Mairs heard this person introduce herself to them as an assistant manager of Whole Foods and heard her say that they had just mopped the floor and someone must have put the wet floor sign back under the sink. Mairs did not see a wet floor sign when she entered the restroom.

Mairs's friend, who was shopping with her, entered the restroom after she learned that Mairs had fallen. Whole Foods employees were with Mairs in the stall. She did not notice water on the floor until Mairs told her what had happened, but then she could see that the floor was wet around the toilet. After it was called to her attention, it was easy to see that the floor was wet. The water was not in puddles; it looked like someone had mopped the floor. She later saw a wet floor sign folded under a sink. Before she entered the restroom, she saw a wringer mop and a bucket about four feet from the entrance to the restroom, but they were gone when she came out of the restroom.

A Whole Foods assistant manager testified that, after she learned of Mairs's fall, she entered the restroom and a wet floor sign was in the restroom about two feet in front of the sink. She did not see a mop or bucket outside the restroom. She testified that the floor was not wet. She saw a few drops of wetness in the stall, but no other wet places in the restroom. Another Whole Foods employee testified that she had to crawl under the stall door to unlock it, and she would not have done so if the floor was wet. She saw the wet floor sign over by the sink.

Mairs filed suit alleging that she was an invitee when she slipped and fell on a wet floor, that no wet floor signs were in the vicinity of the fall, that she suffered injuries to her knee and hand as a result of the fall, and that Whole Foods's breach of its duty of ordinary care caused her injuries. After answering and conducting discovery, Whole Foods moved for summary judgment. The motion contended that Mairs provided no evidence about what caused her to fall, Mairs and Whole Foods had equal knowledge of the water on the floor, and Mairs failed to exercise reasonable care for her own safety by failing

to appreciate the wetness of the floor in the stall. The trial court granted the motion.

1. Mairs first contends the trial court erred by finding, as a matter of law, that no genuine issue of material fact existed from which a jury could conclude that Mairs exercised reasonable care for her own safety while she was in the stall. We agree. Other than in the most unusual cases this is not an issue which a court can decide. Our Supreme Court reiterated again last year that

> the "routine" issues of premises liability, i.e., the negligence of the defendant and the plaintiff, and the plaintiff's lack of ordinary care for personal safety are generally not suscep-tible of summary adjudication, and that summary judgment is granted only when the evidence is plain, palpable, and undisputed. [*Robinson*, 268 Ga. at 748.]
>
> To put it in more concrete terms, this means that issues such as how closely a particular retailer should monitor its premises and approaches, what retailers should know about the property's condition at any given time, how vigilant patrons must be for their own safety in various settings, and where customers should be held responsible for looking or not looking are all questions that, in general, must be answered by juries as a matter of fact rather than by judges as a matter of law.

(Punctuation and footnotes omitted.) *American Multi-Cinema v. Brown*, 285 Ga. at 445. Here, Mairs testified that she slipped on water on the floor that she could only detect after she fell. Her testimony was supported by that of the person who was with her and also to some extent by the Whole Foods assistant manager. In these circumstances, the case presents the typical slip and fall case issues that must be determined by a jury. Accordingly, the trial court erred by granting summary judgment to Whole Foods.

2. Mairs further contends the trial court erred by finding that the water on the floor was open and obvious. Given the conflicting testimony discussed above on whether the water could be seen, this was a jury question. On motions for summary judgment, the court cannot resolve the facts or reconcile the issues. *Fletcher v. Amax, Inc.*, 160 Ga. App. 692, 695 (288 SE2d 49) (1981).

3. Mairs also contends the trial court erred by ruling that she failed to exercise ordinary care for her own safety because she had previously walked through the water on the floor. Considering the evidence in this case, this too is an issue the jury must decide. *American Multi-Cinema v. Brown*, 285 Ga. at 445.

*Judgment reversed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED MARCH 26, 2010 —
RECONSIDERATION DENIED APRIL 12, 2010.

*Guy E. Davis, Jr.*, for appellant.
*Swift, Currie, McGhee & Hiers, Terry O. Brantley, Alicia A. Timm*, for appellee.