**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**February 28, 2013**

# In the Court of Appeals of Georgia

A12A2462. H. J . WINGS AND THINGS v. GOODMAN et al.

MILLER, Presiding Judge.

Patricia Goodman and Harold Goodman sued H. J. Wings and Things ("Wings and Things") to recover for personal injuries that Mrs. Goodman allegedly sustained when she slipped and fell during a visit to a Wings and Things restaurant.[1] Wings and Things's filed a motion for summary judgment, which the trial court denied. We granted Wings and Things's application for an interlocutory appeal of the trial court's denial of its motion for summary judgment. On appeal, Wings and Things contends that it was entitled to summary judgment because the evidence showed that Mrs. Goodman could not identify any specific hazard that caused her to slip and fall, and that the restaurant did not have actual or constructive knowledge of any hazard on its

---

[1]As part of the lawsuit, Mr. Goodman asserts a claim for loss of consortium.

premises. Since we agree that the evidence in the record does not show the presence of a hazard that caused Mrs. Goodman to fall, we reverse.

> On appeal from the grant or denial of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. A defendant may prevail on summary judgment by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case.

(Citations and punctuation omitted.) *Belk Dept. Store of Charleston, S.C. v. Cato*, 267 Ga. App. 793, 793-794 (600 SE2d 786) (2004).

So viewed, the record shows that on an afternoon in January 2010, Mrs. Goodman visited the Wings and Things restaurant to pick up a food order, as she had done many times before. Mrs. Goodman entered through the front door, walked through the lobby, and proceeded to the order counter. When she was a few steps away from the order counter, Mrs. Goodman suddenly slipped and fell backwards. Mrs. Goodman hit her neck and back on the concrete floor. Mrs. Goodman believed that she slipped and fell because the floor was heavily waxed. Mrs. Goodman stated that portion of the cement floor where she fell was "really slippery and shiny looking."

2

Upon Mrs. Goodman's fall, a Wings and Things employee helped Mrs. Goodman to her feet and directed her to the counter to speak with the restaurant's manager. The manager confirmed that Mrs. Goodman was okay and collected Mrs. Goodman's personal information. By the time Mrs. Goodman finished speaking with the manager, her food was ready. Mrs. Goodman paid for her food, and at the direction of the manager walked around the area where she slipped to exit the restaurant.

As a result of her slip and fall, Mrs. Goodman suffered injuries to her neck, arms, shoulders, and lower back, which required ongoing medical treatment. Mrs. Goodman filed the instant lawsuit against Wings and Things, contending that they had breached their duty of care to keep the restaurant safe by failing to remove the excess wax or viscous substance from the floor. Wings and Things denied liability and moved for summary judgment. The trial court denied Wings and Things's motion for summary judgment, finding that issues of fact remained as to the existence of a hazard and whether Wings and Things had superior knowledge of the hazard.

1. On appeal, Wings and Things contends that the trial court erred in denying its motion for summary judgment because the evidence showed that Mrs. Goodman could not identify any specific hazard that caused her to slip and fall. We agree.

In order to recover in a premises liability case, a plaintiff must establish fault on the part of the owner and the invitee's ignorance of the danger. See *Flagstar Enterprises v. Burch*, 267 Ga. App. 856, 857 (600 SE2d 834) (2004). "The true basis of a proprietor's liability for personal injury to an invitee is the proprietor's superior knowledge of a condition that may expose the invitees to an unreasonable risk of harm." (Citation and punctuation omitted.) Id. "Proof of a fall, without more, does not create liability on the part of a proprietor or landowner. It is common knowledge that people fall on the best of sidewalks and floors." (Citations and punctuation omitted.) Id. at 856-857. "Indeed, to presume that because a customer falls in a store that the proprietor has somehow been negligent would make the proprietor an insurer of his customer's safety which he is not in this state." (Citations and punctuation omitted.) *Belk Dept. Store*, supra, 267 Ga. App. at 794.

When the plaintiff cannot show the existence of a hazardous condition, she cannot prove the cause of her injuries and "there can be no recovery because an essential element of negligence cannot be proven." (Citations and punctuation omitted.) *Pinckney v. Covington Athletic Club & Fitness Center*, 288 Ga. App. 891, 893 (655 SE2d 650) (2007); see also *Belk Dept. Store*, supra, 267 Ga. App. at 794. "A mere possibility of causation is not enough and when the matter remains one of

4

pure speculation or conjecture, it is appropriate for the court to grant summary judgment to the defendant." (Citation and punctuation omitted.) *Pinckney*, supra, 288 Ga. App. at 893. As a result, Mrs. Goodman "had to prove more than the existence of a slick or wet floor. [S]he had to prove that the condition of the floor constituted an unreasonable hazard and that [Wings and Things] had superior knowledge of that hazard." (Citation and punctuation omitted.) *Flagstar Enterprises*, supra, 267 Ga. App. at 858.

Here, Mrs. Goodman has not shown the existence of a hazardous condition that caused her to fall. Specifically, Mrs. Goodman testified that she did see any foreign substance on the floor that caused her to fall. Mrs. Goodman speculated that she fell because the floor was heavily waxed, as it appeared to be "really slippery and shiny looking." She pointed to no evidence, however, showing that the floor was waxed, much less heavily waxed. Rather, Wings and Things provided unrefuted evidence showing that the restaurant did not use wax on its floors.

While Mrs. Goodman relies upon evidence that the Wings and Things manager cleaned the area after she fell to show that Wings and Things had knowledge of a hazard, this evidence was inadmissible.

> Evidence of subsequent remedial measures generally is inadmissible in negligence actions, because the admission of such evidence basically conflicts with the public policy of encouraging safety through remedial action, for the instituting of remedial safety measures might be discouraged if such conduct is admissible as evidence of negligence.

(Citation and punctuation omitted.) *Henson v. Georgia–Pacific Corp.*, 289 Ga. App. 777, 780-781 (1) (658 SE2d 391) (2008). Such evidence may be admissible for the limited purpose of showing contemporary knowledge of the defect. See *Thomas v. Dept. of Transp.*, 232 Ga. App. 639, 641 (1) (502 SE2d 748) (1998). However, it is presumed that evidence of subsequent remedial measures submitted by a plaintiff is for the purpose of showing that the defendant recognizes and admits his negligence. See id.

In this case, Mrs. Goodman failed to demonstrate that the evidence of Wings and Things's subsequent cleaning was relevant for some purpose other than to show that the restaurant recognized and admitted its liability. The remedial measures could not show contemporary knowledge of a heavily waxed floor, since the undisputed evidence established that the floors were not waxed. Therefore, Mrs. Goodman failed to rebut the presumption that the evidence of subsequent remedial measures was inadmissible. See *Henson*, supra, 289 Ga. App at 781 (1). Moreover, "the undertaking of remedial measures after the accident does not demonstrate that [Wings and Things]

6

had knowledge of any hazardous condition prior to the accident." (Punctuation omitted.) *Thomas*, supra, 232 Ga. App. at 642 (1).[2]

Although the floor was shiny, the fact that Mrs. Goodman fell does not prove that the floor's condition constituted an unreasonable hazard. See *Gross v. Frank's Warehouse Foods*, 192 Ga. App. 539, 541 (385 SE2d 688) (1989); *Flagstar Enterprises*, supra, 267 Ga. App. at 858. Since Mrs. Goodman has failed to present admissible evidence creating a genuine issue of material fact as to the existence of a hazardous condition, her and her husband's causes of action must fail, and Wings and Things was entitled to summary judgment. See *Gross*, supra, 192 Ga. App. at 541 (summary judgment properly granted to defendant where plaintiff claimed that overwaxed floor caused her to slip her fall where she perceived the floor to be shiny,

---

[2] To the extent Mrs. Goodman relied upon the depositions of Carol McKnight and Eve Harness to show the existence of a hazardous condition, the deposition transcripts were not included in the appellate record.

> [T]he burden is upon the party asserting error to show it affirmatively in the record. Furthermore, it is the responsibility of the parties, not this [C]ourt, to ensure that all documents relevant to the disposition of an appeal are duly filed with the clerk of this [C]ourt before the issuance of our appellate decision.

(Footnote and punctuation omitted.) *AdvanceMe, Inc. v. Finley*, 275 Ga. App. 415, 416 (1) (620 SE2d 655) (2005). In light of the absence of the deposition transcripts in the record, we cannot review the evidence cited to therein.

but offered no evidence showing that defendant negligently waxed the floor); see also *Pinckney*, supra, 288 Ga. App. at 893 (summary judgment properly granted to defendant because plaintiff "assumed" that slime caused her to fall). Accordingly, we reverse the trial court's denial of Wings and Things's motion for summary judgment.

2. In light of our decision in Division 1, we need not address Wings and Things's other enumeration of error.

*Judgment reversed. Ray and Branch, JJ., concur.*