**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**September 24, 2013**

# In the Court of Appeals of Georgia

A13A1070. TAYLOR v. THUNDERBIRD LANES, LLC.

DILLARD, Judge.

In this premises-liability action, Janyce Taylor sued Thunderbird Lanes, LLC ("Thunderbird"), which operates several bowling alleys in Georgia under the name Stars and Strikes Family Entertainment Center and Bowling Alley, alleging that Thunderbird negligently breached a duty it owed her as an invitee when she slipped while bowling at one of its facilities and suffered injuries as a result. Thunderbird filed a motion for summary judgment, which the trial court granted. Taylor now appeals, arguing that genuine issues of material fact exist as to whether (1) Thunderbird's negligence created a hazardous condition that caused her to slip and fall, and (2) Thunderbird had superior knowledge of the alleged hazard. For the reasons noted *infra*, we affirm.

Viewed in the light most favorable to Taylor (*i.e.*, the non-moving party),[1] the record shows that in September 2008, Taylor and her husband, both of whom resided in Florida at the time, were visiting their adult son and his wife (Taylor's daughter-in-law) in Dallas, Georgia. On the morning of September 14, 2008, Taylor, her son, and her daughter-in-law decided to visit the local Stars and Strikes to go bowling. They arrived at the bowling alley around 10:15 a.m., which was not long after the facility opened, and Taylor and her daughter-in-law rented bowling shoes while Taylor's son, who was not interested in bowling, walked to another section of the bowling alley to look around.

After renting their shoes, Taylor and her daughter-in-law went to their assigned lane, and Taylor—who was an experienced bowler and had participated in several bowling leagues—entered their names in the lane's scoring computer console. And as the computer started, it displayed the following message: "Welcome to Stars and Strikes! Do not cross the foul line. Please report any spills. We do not assume liability from injury. Bowl at your own risk. We are not responsible for damage to bowling

---

[1] *See, e.g.*, *McCaskill v. Carillo*, 263 Ga. App. 890, 890 (589 SE2d 582) (2003) ("On appeal from the grant or denial of a motion for summary judgment, we review the evidence de novo, and all reasonable conclusions and inferences drawn from the evidence are construed in the light most favorable to the nonmovant.").

balls." Based on her experience, Taylor was aware that although the approach to the lane's foul line should be free from debris, beyond the foul line, the lane is cleaned and oiled so that the ball travels smoothly en route to the bowling pins.

Taylor's daughter-in-law bowled at least one ball first, did so without incident, and did not indicate that she noticed any problem in the approach area of the lane. Taylor went next. But as she made her approach to the foul line to bowl her first ball, her feet slipped out from under her, and she landed on her back with her head nearly four feet past the foul line and her legs pointing toward the pins. Taylor's son quickly came to his mother's aid and noticed a significant amount of oil in the lane where Taylor had landed. As a result of her fall, Taylor suffered several injuries, including a fractured left ankle.

Thereafter, Taylor sued Thunderbird to recover damages for the injuries she suffered as a result of her slip and fall at its bowling alley. Thunderbird answered, and discovery ensued. In her deposition testimony, Taylor stated that she did not know why she fell and that she did not see any oil in the approach area before the foul line because she was not looking down. Nevertheless, she testified that she believed that there must have been oil in the approach area, which caused her to slip. Similarly, in their respective depositions, both Taylor's son and her daughter-in-law testified that

3

they did not notice any oil in the approach area of the bowling lane. Additionally, in response to one of Taylor's interrogatories regarding steps taken by the facility to prevent oil from collecting on the patron/approach side of the foul line, Thunderbird averred that the lane oiling machine "is never placed on the patron side of the foul line and is pre-set to not begin applying oil until it has gone 4-6 inches away from the foul line." In slight contrast, a manual for the machine produced by Thunderbird in response to a discovery request suggested that the machine begin oiling in 6-inch increments past the foul line.

After discovery concluded, Thunderbird filed a motion for summary judgment, arguing that it could not be held liable for Taylor's injuries because she failed to create a genuine issue of material fact that its negligence created a hazard that caused her to slip and fall. Taylor responded, arguing that she *had* raised genuine issues of material fact regarding causation. But after holding a hearing on the matter, the trial court agreed with Thunderbird and granted summary judgment in its favor. This appeal follows.

1. Taylor contends that the trial court erred in granting summary judgment in favor of Thunderbird, arguing that genuine issues of material fact exist as to whether

4

Thunderbird's negligence created a hazardous condition that caused her to slip and fall. We disagree.

It is well established that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[2] If summary judgment is granted by a trial court, it enjoys no presumption of correctness on appeal, "and an appellate court must satisfy itself de novo that the requirements of OCGA § 9-11-56 (c) have been met."[3] Indeed, in our *de novo* review of a trial court's grant of a motion for summary judgment, we are charged with "viewing the evidence, and all reasonable conclusions and inferences drawn from the evidence in the light most favorable to the nonmovant."[4]

With regard to premises-liability actions, Georgia law makes clear that while "an owner or occupier of land has a statutory duty to keep its approaches and

---

[2] OCGA § 9-11-56 (c).

[3] *Cowart v. Widener*, 287 Ga. 622, 624 (1) (a) (697 SE2d 779) (2010).

[4] *Benefield v. Tominich*, 308 Ga. App. 605, 607 (1) (708 SE2d 563) (2011) (punctuation omitted); *see also Mair v. Whole Foods Mkt. Group*, 303 Ga. App. 638, 638 (694 SE2d 129) (2010).

premises in a reasonably safe condition for invitees," an owner or occupier of land is "not an insurer of the safety of its invitees."[5] Accordingly, the threshold point of our inquiry in a slip-and-fall case is "the existence of a hazardous condition on the premises."[6] And it is well established that "[p]roof of a fall, without more, does not create liability on the part of a proprietor or landowner, because it is common knowledge that people fall on the best of sidewalks and floors."[7] Thus, when the plaintiff cannot show the existence of a hazardous condition, "she cannot prove the cause of her injuries and there can be no recovery because an essential element of negligence cannot be proven."[8]

In order to create a genuine issue of material fact regarding the existence of a hazardous condition, a plaintiff cannot "rely upon speculation and she must prove more than the existence of a slick or wet floor."[9] Indeed, guesses or speculation

---

[5] *Glynn-Brunswick Mem'l Hosp. Auth. v. Benton*, 303 Ga. App. 305, 307 (693 SE2d 566) (2010) (punctuation omitted).

[6] *Id.* (punctuation omitted).

[7] *Id.* (punctuation omitted); *accord Pinckney v. Covington Athletic Club & Fitness Ctr.*, 288 Ga. App. 891, 893 (655 SE2d 650) (2007).

[8] *Benton*, 303 Ga. App. at 307 (punctuation omitted).

[9] *Id.* (punctuation omitted).

6

raising merely "a conjecture or possibility of a hazardous condition are not sufficient to create even an inference of fact for consideration on summary judgment."[10] Rather, the plaintiff must produce evidence of "what foreign substance, condition, or hazard caused her to slip and fall."[11] And when the plaintiff is unable to produce such evidence, "it is appropriate for the court to grant summary judgment to the defendant."[12]

Here, Taylor offers only conjecture to support her conclusion that oil on the approach side of the bowling lane's foul line caused her to fall. In both her affidavit (which was drafted in response to Thunderbird's motion for summary judgment), and her deposition, Taylor stated only that she believed she slipped on oil that had been wrongly applied to the approach side of the foul line. However, she conceded in her deposition that because she was concentrating on aiming at the pins, she did not notice oil or any other foreign substance on her approach and did not know for a fact that oil on the approach side of the foul line was the hazardous condition that caused her to fall.

---

[10] *Id.* (punctuation omitted).

[11] *Id.* (punctuation omitted).

[12] *Pinckney*, 288 Ga. App. at 893 (punctuation omitted).

Furthermore, while Taylor's son noticed a significant amount of oil on the foul side of the bowling lane, neither he nor his wife (Taylor's daughter-in-law) noticed any oil on the approach/patron side. And as previously noted, Taylor's daughter-in-law bowled without incident only moments before Taylor slipped and did not indicate that the approach was slippery. Finally, although Taylor argues that Thunderbird's interrogatory response indicating that the lane oiling machine could be set to start oiling at four inches from the foul line is inconsistent with the recommendation in the machine's manual that it start oiling at six inches, this alleged inconsistency is not evidence that oil was applied to the approach side of the lane.

Given the foregoing circumstances, Taylor failed to create a genuine issue of material fact as to whether oil on the approach side of the bowling lane caused her to slip and fall. Accordingly, the trial court did not err in granting summary judgment in favor of Thunderbird.[13]

---

[13] *See H. J. Wings & Things v. Goodman*, 320 Ga. App. 54, 56 (1) (739 SE2d 64) (2013) (holding that plaintiff failed to show existence of a hazardous condition in a slip-and-fall action when, although plaintiff speculated that she fell because the floor was heavily waxed, as it appeared slippery, plaintiff conceded that she did not actually see any foreign substance); *Willingham Loan & Realty Co. v. Washington*, 311 Ga. App. 535, 536 (716 SE2d 585) (2011) (holding that plaintiff failed to show the existence of a hazardous condition on the exterior staircase of her apartment complex, even though there was an accumulation of ice and plaintiff previously complained about loose steps, because plaintiff did not know specifically what caused

2. In light of our holding in Division 1 that Taylor failed to create a genuine issue of material fact as to causation, we need not address her contention that Thunderbird possessed superior knowledge of the alleged hazardous condition.[14]

*Judgment affirmed. Andrews, P. J., and McMillian, J., concur.*

---

her fall); *Benton*, 303 Ga. App. at 307-08 (reversing denial of hospital's motion for summary judgment because plaintiff's testimony that she slipped on a slick floor but did not know why the floor was slick only amounted to conjecture and did not create a genuine issue of material fact regarding causation); *Pinckney*, 288 Ga. App. at 893-94 (affirming summary judgment because plaintiff's belief that algae on a pool deck caused her fall was only speculation and did not create a genuine issue of fact as to the existence of a hazardous condition); *Flagstar Enters., Inc. v. Burch*, 267 Ga. App. 856, 858 (600 SE2d 834) (2004) (reversing denial of summary judgment to defendant because plaintiff's conjecture that a "damp film" on a restaurant floor somehow caused his fall was nothing more than mere speculation); *Shadburn v. Whitlow*, 243 Ga. App. 555, 556-57 (533 SE2d 765) (2000) (holding that a hotel was entitled to summary judgment when witnesses "believed" plaintiff fell on loose carpeting at the top of a stairwell, but also admitted that they were not certain what caused the fall). *Compare J. H. Harvey Co. v. Reddick*, 240 Ga. App. 466, 468-69 (1) (a) (522 SE2d 749) (1999) (reversing grant of summary judgment to defendant because plaintiff's assumption that she slipped on grape skins found on a grocery store floor where she fell created a genuine issue of material fact as to the existence of a hazardous condition).

[14] *See Goodman*, 320 Ga. App. at 57 (2) (holding that it was unnecessary to address plaintiff's superior-knowledge argument given decision that plaintiff failed to create a genuine issue of material fact regarding causation).