**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 9, 2020**

# In the Court of Appeals of Georgia

A19A1829. FIRST COMMUNITIES MANAGEMENT, INC. v.
   HOLMES.

MCFADDEN, Chief Judge.

The defendant in this slip-and-fall case contests the denial of its motion for summary judgment. Because there is no evidence of a hazardous condition on the premises in question, we reverse.

1. *Facts and procedural posture.*

On appeal from the grant or denial of a motion for summary judgment, we construe the evidence in the light most favorable to the nonmoving party. *Lakeshore Contracting v. Lopez-Hernandez*, 351 Ga. App. 232 (830 SE2d 561) (2019). So construed, the evidence shows that Karyn Holmes lived in an apartment complex in Smyrna, Georgia. On October 23, 2015, Holmes and her daughter took the daughter's

car to a car cleaning area in the complex to vacuum out the car. Holmes got out of the car and stepped from the paved parking lot up to a landscaped area with embedded rocks surrounding the vacuum. Holmes reached for the vacuum, fell backwards, and was injured.

On October 19, 2017, Holmes filed a negligence action against First Communities Management, Inc., alleging that she had slipped on a foreign substance. Holmes was deposed, and during questioning by defense counsel she testified that she did not know what caused her to fall.

Q: Do you know what caused you to fall backwards?
A: No, I don't. . . .

Q: You're not sure what caused your foot to slip?
A: No, I'm not. . . .

Q: Is that your testimony, Ms. Holmes, that you don't know what caused you to fall?
A: That's correct.

When Holmes' own attorney later asked her opinion about why she fell, Holmes responded: "The rocks were real slippery. It wasn't the rough kind of rocks. . . . The rocks [were] just smooth, not rocky[.]" Holmes further testified that there was no water on the rocks and that she did not encounter any type of liquid or hazardous condition on the ground.

First Communities moved for summary judgment, asserting, among other things, that there was no evidence of any hazardous condition. The trial court denied the motion, finding that there was evidence from which a jury could find that the rocks had been "made slippery by water from the car wash facility." The trial court issued a certificate of immediate review, and this court granted First Communities application for interlocutory review. This appeal followed.

2. *Hazardous condition.*

First Communities contends that the trial court erred in denying its motion for summary judgment because there is no evidence of the essential element of Holmes' claim that there was a hazardous condition on the premises. We agree.

> [T]he threshold point of our inquiry in a slip-and-fall case is the existence of a hazardous condition on the premises. And it is well established that proof of a fall, without more, does not create liability on the part of a proprietor or landowner, because it is common knowledge that people fall on the best of sidewalks and floors. Thus, when the plaintiff cannot show the existence of a hazardous condition, she cannot prove the cause of her injuries and there can be no recovery because an essential element of negligence cannot be proven.

*Taylor v. Thunderbird Lanes*, 324 Ga. App. 167, 169-170 (1) (748 SE2d 308) (2013) (citations and punctuation omitted).

3

In this case, Holmes "had to prove that the condition of the [rocks] constituted an unreasonable hazard[.]" *H. J. Wings & Things v. Goodman*, 320 Ga. App. 54, 56 (1) (739 SE2d 64) (2013) (citation and punctuation omitted). But she has failed to offer any evidence that the embedded rocks in the landscaped area near the vacuum were wet and constituted a hazardous condition. Although Holmes speculates on appeal that there was water on the rocks from the car wash area, and the trial court made the same inference in denying summary judgment, Holmes has cited no evidence supporting such an inference. On the contrary, as set out above, she specifically testified that there was no water or liquid on the rocks and that she did not encounter a hazardous condition on the ground.

> Guesses or speculation which raise merely a conjecture or possibility of a hazardous condition are not sufficient to create even an inference of fact for consideration on summary judgment. Rather, the plaintiff must produce evidence of what foreign substance, condition, or hazard caused her to slip and fall. This [Holmes has] failed to do. Although [she] testified that she slipped because the [rocks were smooth], she also admitted that she saw nothing on the [rocks] and [thus] . . . she did not know if the [rocks] felt [slippery] because there was a foreign substance thereon. . . . [Holmes' deposition] testimony was insufficient to create an inference that a hazardous condition, in fact, existed.

*Glynn-Brunswick Mem. Hosp. Auth. v. Benton*, 303 Ga. App. 305, 307-308 (693 SE2d 566) (2010) (citations and punctuation omitted).

Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. OCGA § 9-11-56 (c). "A defendant may demonstrate that he is entitled to summary judgment by either presenting evidence negating an essential element of the plaintiff's claims or establishing from the record an absence of evidence to support such claims." *Griffin v. Turner*, 350 Ga. App. 694, 695 (1) (830 SE2d 239) (2019) (citation and punctuation omitted). Because First Communities established that there is no evidence of hazardous condition and Holmes has failed to point to any specific evidence giving rise to a triable issue, "[i]t follows that the trial court erred in denying [the] motion for summary judgment." *Glynn-Brunswick*, supra at 308 (citation omitted).

*Judgment reversed. McMillian, P. J., and Senior Appellate Judge Herbert E. Phipps, concur.*