[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15520
_____

D.C. Docket No. 1:12-cv-00176-WS-B


NICKOLAS JURICH,
JESSE GANN,
and others similarly situated,
CHARLES WOOD,

Plaintiffs-Appellants,

versus

COMPASS MARINE, INC.,

Defendant-Appellee.


_____

No. 13-15526
_____

D.C. Docket No.  1:12-cv-00501-WS-B


WILBUR SMITH,
and others similarly situated,

Plaintiff-Appellant,

versus

SEAPORT MARINE, INC.,
ODYSSEA MARINE, INC.,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Southern District of Alabama
_____

(August 22, 2014)

Before ED CARNES, Chief Judge, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

This consolidated appeal arises out of a claim for wages brought under the general maritime law by four seamen — Nickolas Jurich, Jesse Gann, Charles Wood, and Wilbur Smith.  The seamen asserted their claims against two maritime employment agencies — Compass Marine, Inc., and Seaport Marine, Inc. — that they retained to help them find jobs.  Smith also asserted the same claim against Odyssea Marine, Inc., a maritime transport company that hired him based on a referral from Seaport Marine.

When the seamen retained the employment agencies' services, they signed a series of agreements assigning to the agencies the right to collect a portion of their

2

first six to ten paychecks if they accepted a job as a result of the employment agency's efforts.  One of the documents they signed, a "Paycheck Mailing Agreement," provided that each seaman would have his employer send his paychecks directly to the employment agency while his debt was still outstanding.  Under the agreement, the agency would take its agreed upon share of the wages and forward the balance of the paycheck to the seaman.  Once the debt had been fully repaid, the employer would begin sending the seaman his paychecks directly.  The agreement also stated that it was "irrevocable" until the seaman's debt had been repaid.

Compass and Seaport Marine eventually found jobs for the four seamen, and those two agencies collected a portion of their wages, following the procedure agreed upon in the Paycheck Mailing Agreements.  It is undisputed that the agencies fully performed under the contracts and that they obtained their fees through the assignment of the seamen's wages made under the Paycheck Mailing Agreements.

The four seamen eventually brought suit, asserting a claim for wages under the general maritime law.  In their complaints, they alleged that the wage assignments they had signed were invalid under 46 U.S.C. § 11109(b), which states that a seaman's "assignment . . . of wages . . . made before the payment of wages does not bind the party making it."  46 U.S.C. § 11109(b); see also Wilder

3

v. Inter-Island Steam Navigation Co., 211 U.S. 239, 247, 29 S.Ct. 58, 61 (1908) (interpreting the predecessor statute to 46 U.S.C. § 11109).  Based on that statutory provision and the special protection that courts typically afford seamen under the "wards of admiralty" doctrine, they claimed that they were entitled to a full refund of the wages that had been collected under the Paycheck Mailing Agreements by Compass and Seaport Marine.  After discovery, the district court granted the defendants summary judgment on the plaintiffs' claims, and the seamen now appeal those decisions.

We review de novo a district court's grant of summary judgment, viewing all facts and reasonable inferences in the light most favorable to the nonmoving party.  Allison v. McGhan Med. Corp., 184 F.3d 1300, 1306 (11th Cir. 1999).  Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Id.

After reviewing the record, reading the parties' briefs, and hearing oral argument, we affirm the judgment of the district court for the reasons set out in its two well-reasoned and well-written orders, which were filed on November 4, 2013, and November 7, 2013.  See Smith v. Seaport Marine, Inc., 981 F. Supp. 2d 1188 (S.D. Ala. 2013); Jurich v. Compass Marine, Inc., No. 1:12-cv-00176-WS-B, 2013 WL 5960899 (S.D. Ala. Nov. 7, 2013).  We adopt those orders as our opinion with the same effect as if we had written them ourselves.  In doing so, we emphasize

4

that Compass' and Seaport's inclusion of the word "irrevocable" in the Paycheck Mailing Agreements was improper and contrary to the plaintiffs' clear statutory right under § 11109(b), which provides that the seamen were not bound by those agreements.

As a final point, we note that the district court's summary judgment orders addressed only the plaintiffs' claims for wages that were brought under the general maritime law and predicated on a violation of § 11109(b). The dismissal of any other claims before those two summary judgment orders was not appealed to this Court, and we express no opinion on the validity of those claims or of any claim other than one for wages brought under the general maritime law and based on a violation of § 11109(b). That means that if Compass and Seaport continue using the word "irrevocable" in their Paycheck Mailing Agreements, they may do so at their eventual peril.

**AFFIRMED.**