[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12712
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-00241-KD-M


SHADELKRICK BROWN, et al.,

Plaintiffs,

RONNIE HARRIS,
JOHN HUDSON,
SAMMIE HUNT,
LAMONT WILLIAMS,
MARLON PRITCHETT,

Plaintiffs-
Counter Defendants-
Appellants,

versus

BIBB COUNTY PROPERTIES, LLC,

Defendant-
Counter Claimant-
Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(March 9, 2015)

Before ED CARNES, Chief Judge, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Ronnie Harris, John Hudson, Sammie Hunt, Lamont Williams, and Marlon Pritchett appeal the district court's grant of summary judgment in favor of their former employer, Bibb County Properties, LLC (Bibb), on their claims of race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981.[1] They contend that the district court erroneously determined that they had failed to establish prima facie cases of race discrimination.

Bibb owns and operates a sawmill and mulch processing plant in Grove Hill, Alabama. In July 2011, when each of the plaintiffs still worked at the plant, Jose Victor Zetino became the plant's manager. Zetino is Hispanic; the plaintiffs are African-American. They claim that, in the year after Zetino became the plant's manager, the plant's Hispanic employees worked more overtime hours than the

---

[1] Two other plaintiffs, Shakeldrick Brown and Demetrius Williams, also filed suit against Bibb. Both voluntarily dismissed their claims with prejudice. The style of this case lists Brown's first name as Shadelkrick, but documents in the record show that his first name is actually Shakeldrick.

2

plant's non-Hispanic employees.  Pointing to payroll data that Bibb provided during discovery, the plaintiffs contend that "Hispanic workers averaged 7.3 hours of overtime per week more than their [African-American] counterpart[s]" (and 4.2 hours more per week than their Caucasian counterparts).  They attribute the disparity in overtime hours to race discrimination, contending that Zetino favored his fellow Hispanics when assigning overtime.  In support, they assert that Zetino often referred to the plant's Hispanic employees as "my guys" or "my Hispanic guys."

We review <u>de novo</u> a district court's grant of summary judgment, viewing all facts and reasonable inferences in the light most favorable to the nonmoving party.  <u>Jurich v. Compass Marine, Inc.</u>, 764 F.3d 1302, 1304 (11th Cir. 2014).  Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  <u>Id.</u>

The district court rejected the plaintiffs' claims of race discrimination after analyzing them under <u>McDonnell Douglas</u>'s familiar three-step burden-shifting framework.[2]  <u>See</u> <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 93 S. Ct. 1817 (1973).  Under <u>McDonnell Douglas</u>, the plaintiff employee has the initial burden of raising a presumption of discrimination by establishing a prima facie

---

[2] Title VII and § 1981 have the same requirements of proof and use the same analytical framework.  <u>See</u> <u>Brown v. Am. Honda Motor Co.</u>, 939 F.2d 946, 949 (11th Cir. 1991) ("The Supreme Court has held that the test for intentional discrimination in suits under § 1981 is the same as the formulation used in Title VII discriminatory treatment causes.") (citing <u>Patterson v. McLean Credit Union</u>, 491 U.S. 164, 185–87, 109 S. Ct. 2363, 2377–78 (1989)).

case that his employer discriminated against him.  See EEOC v. Joe's Stone Crabs, 296 F.3d 1265, 1272 (11th Cir. 2002).  If the plaintiff makes these showings, the burden shifts to the defendant employer to provide a "legitimate, non-discriminatory reason" for its actions.  Id.  If the employer does so, then the burden shifts back to the employee, who can defeat summary judgment if he shows that his employer's "proffered reason really is a pretext for unlawful discrimination." Id. at 1273.

The district court properly determined that the plaintiffs failed to establish prima facie cases of race discrimination.  To establish prima facie cases of race discrimination on these facts, the plaintiffs had to show:  (1) that they belong to a protected class; (2) that their employer, Bibb, denied them the opportunity to work overtime hours; (3) that Bibb treated similarly situated employees outside of their class more favorably by allowing them to work those overtime hours; and (4) that they were qualified for the overtime work that they sought.  See Joe's Stone Crabs, 296 F.3d at 1273; see also Shannon v. Bellsouth Telecomms., Inc., 292 F.3d 712, 715 (11th Cir. 2002) (observing that the denial of overtime opportunities constitutes an adverse employment action for Title VII purposes).  The plaintiffs did not make all of those showings.  They did not show that the employees outside of their class that they identified who had worked the greater number of overtime hours were actually similarly situated to them.  They relied instead on assertions,

which were not supported in the record, that all of Bibb's employees were "interchangeable" for purposes of assigning overtime and that Bibb's Hispanic employees "did not have any special skills" that they lacked. And the plaintiffs did not show that they were qualified for all of the overtime work that they sought, some of which the record shows did require "special skills" or experience.

In any event, even if we were to assume that the plaintiffs established prima facie cases of race discrimination, they failed to rebut Bibb's legitimate, non-discriminatory reasons for its decisions in assigning overtime. Bibb explained that Zetino assigned overtime based on several factors, including the overtime work that needed to be done, as well as an employee's reliability, performance, and willingness to work overtime in the past. None of the plaintiffs' evidence demonstrates that this explanation is pretextual. As for their statistical data, they offer no evidence showing that what that data reflects is not the result of the non-discriminatory factors that Zetino used to assign overtime. See Brown v. Am. Honda Motor Co., 939 F.2d 946, 952 (11th Cir. 1991) (observing that, although a Title VII plaintiff may use statistical evidence to demonstrate both a prima facie case of discrimination and pretext, "statistics . . . without an analytic foundation[] are virtually meaningless"). And as for Zetino's references to Bibb's Hispanic employees as "his guys" or "his Hispanic guys," we have said that although such comments "may contribute to a circumstantial case for pretext, . . . [they] will

5

usually not be sufficient absent some additional evidence supporting a finding of pretext." Scott v. Suncoast Beverage Sales, Ltd., 295 F.3d 1223, 1229 (11th Cir. 2002) (citation omitted). There is no additional evidence supporting a finding of pretext here. The district court did not err when it granted summary judgment to Bibb on each of the appellant's claims of race discrimination in the allocation of overtime hours.

   **AFFIRMED.**