[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-17632
Non-Argument Calendar

_____

D.C. Docket No. 2:15-cv-00006-LGW-RSB

CYNTHIA W. TAYLOR,

Plaintiff - Appellant,

versus

GEORGIA POWER COMPANY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(September 1, 2017)

Before JORDAN, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Cynthia Taylor appeals the district court's grant of summary judgment in favor of Georgia Power Company (GPC), in her action alleging a violation of the Fair Credit Reporting Act (FCRA). Taylor alleges that GPC failed to conduct a reasonable investigation under 15 U.S.C. § 1681s-2(b) on a disputed debt that GPC reported to Equifax. The district court determined that GPC's investigation was reasonable. After review,[1] we affirm the district court.

The FCRA places distinct obligations on three types of entities: consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies. 15 U.S.C. §§ 1681b, 1681m, 1681s-2. It is undisputed that GPC is a furnisher of information and must comply with the duties imposed on furnishers by the FCRA. The FCRA requires a furnisher of credit information to investigate information disputed by a consumer after receiving notice of a dispute from a credit rating agency. 15 U.S.C. § 1681s-2(b).

We evaluate a furnisher's compliance with its duty to investigate according to the "reasonableness" of the investigation. *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1302 (11th Cir. 2016). "What constitutes a 'reasonable investigation' will vary depending on the circumstances of the case." *Id.* Where, as here, "a furnisher reports that disputed information has been verified, the

---

[1] "We review de novo a district court's grant of summary judgment, viewing all facts and reasonable inferences in the light most favorable to the nonmoving party." *Jurich v. Compass Marine, Inc.*, 764 F.3d 1302, 1304 (11th Cir. 2014).

question of whether the furnisher behaved reasonably will turn on whether the furnisher acquired sufficient evidence to support the conclusion that the information was true." *Id.* at 1303.

The district court did not err in concluding that GPC conducted a reasonable investigation. The undisputed facts show that GPC reviewed all the information it had in its possession as the account holder. GPC verified Taylor's name, birth date, social security number, and the amount owed on the account, before verifying the debt with Equifax. Taylor provided no evidence this investigation was unreasonable other than her statement that she once told a GPC employee that she did not owe on the account. GPC verified the account was indeed Taylor's with the information it had and that a debt was owed on the account. The record contains no evidence that GPC unreasonably investigated her dispute.

**AFFIRMED.**

3