[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13596
Non-Argument Calendar

_____

D.C. Docket No. 3:18-cv-00435-TJC-MCR

ANTONIO L. BUCKMAN,

Plaintiff - Appellant,

versus

SGT. DANNY HALSEY,
in his individual capacity,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 10, 2021)

Before JILL PRYOR, LUCK, and BLACK, Circuit Judges.

PER CURIAM:

Antonio Buckman, proceeding *pro se*, appeals the magistrate judge's denial of his motion to appoint counsel and the district court's order granting summary judgment in favor of Sergeant Danny Halsey on his 42 U.S.C. § 1983 action that alleged a failure-to-protect claim.  Buckman contends not having counsel prejudiced him during discovery, prevented him from obtaining use of force documents, and hampered his ability to establish that another inmate was the aggressor in the incident that was the subject of his failure-to-protect claim. Buckman also asserts the district court erred in finding he could not establish causation when it granted summary judgment.  While Buckman concedes he initiated contact with the other inmate, he contends Halsey was aware the other inmate had threatened him, was no longer wearing a waist chain, and was on report for having a weapon, but Halsey did nothing to protect him from the other inmate, forcing him to defend himself.  Buckman also contends he had a right under Florida Statute § 776.012 to stand his ground and defend himself and thus, his actions did not break the causal connection between Halsey's actions and his injuries.  After review,[1] we affirm the district court.

---

[1] "We review *de novo* the district court's grant of summary judgment, applying the same standard as the district court." *Burton v. Tampa Hous. Auth.*, 271 F.3d 1274, 1276 (11th Cir. 2001).  In reviewing a grant of summary judgment, we view "all facts and reasonable inferences in the light most favorable to the nonmoving party." *Jurich v. Compass Marine, Inc.*, 764 F.3d 1302, 1304 (11th Cir. 2014).

## I.  DISCUSSION

### A.  Appointment of Counsel

A district judge may designate a magistrate judge to hear certain non-dispositive pretrial matters pending before the district judge, which includes motions to appoint counsel.  *See* 28 U.S.C. § 636(b)(1)(A) (providing a list of exceptions to the general rule that "a judge may designate a magistrate judge to hear and determine any pretrial matter").  When a non-dispositive pretrial matter is referred to a magistrate judge, a party "may serve and file objections to the order within 14 days after being served with a copy.  A party may not assign as error a defect in the order not timely objected to."  Fed. R. Civ. P. 72(a).

When a magistrate judge rules on a pretrial matter pursuant to § 636(b)(1)(A), "[a]ppeals from the magistrate's ruling must be to the district court," and we lack jurisdiction to hear appeals "directly from federal magistrates." *United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980).[2]  We have applied *Renfro* in cases where a magistrate judge issues a non-dispositive order, a party fails to object to the order, and the same party subsequently appeals from the final judgment.  *United States v. Schultz*, 565 F.3d 1353, 1359-62 (11th Cir. 2009).  In *Schultz*, we added that this jurisdictional rule applies even if a magistrate judge

---

[2]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

3

fails to provide notice, in the order on non-dispositive matters, that objections must be filed within the applicable time limits.  565 F.3d at 1361-62.

We are without jurisdiction to consider Buckman's challenge to the magistrate judge's order denying him counsel because he did not object to that order before the district court.   Accordingly, we dismiss Buckman's appeal to the extent he challenges the magistrate judge's order denying him counsel.[3]

B.  Summary Judgment

Section 1983 creates a private cause of action against any person who, under color of state law, deprives an individual of federal rights.  42 U.S.C. § 1983.  The Eighth Amendment prohibits the infliction of cruel and unusual punishment.  U.S. Const. amend. VIII.  "It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."  *Brooks v. Warden*, 800 F.3d 1295, 1300 (11th Cir. 2015) (quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)).  While "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners," not every instance of inmate-on-inmate violence "translates into constitutional

---

[3]   There was no abuse of discretion in the magistrate judge's order denying counsel.  *See Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).  Buckman was able to present the merits of his case, as he drafted a complaint that survived a motion to dismiss and cited legal authority throughout his responses to the motions to dismiss and for summary judgment.  Buckman was also able to send discovery requests and received answers from Halsey.  Additionally, the issue in this case, whether Halsey's deliberate indifference caused substantial harm to Buckman, is neither novel nor so complex as to require an attorney.

liability for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994) (quotation marks omitted, alteration in original). It is "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate [that] violates the Eighth Amendment." *Id.* at 828. To state an Eighth Amendment claim premised on failure to protect or prevent harm, a plaintiff must allege facts showing that: (1) a substantial risk of serious harm existed; (2) the defendant was deliberately indifferent to that risk; and (3) there was a causal connection between the defendant's conduct and the Eighth Amendment violation. *Bowen v. Warden, Baldwin State Prison*, 826 F.3d 1312, 1320 (11th Cir. 2016).

"Deliberate indifference in the context of a failure to prevent harm has a subjective and an objective component, i.e., a plaintiff must show both that the defendant actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm and that the defendant disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner." *Id.* (quotation marks omitted and alterations in original). "Prison officials are not constitutionally liable for their negligent, and even civilly reckless, violations of a prisoner's Eighth Amendment rights." *Mosley v. Zachery*, 966 F.3d 1265, 1276 (11th Cir. 2020). Further, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if

5

the harm ultimately was not averted." *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 619-20 (11th Cir. 2007) (quotation marks and alteration omitted). "An official responds to a known risk in an objectively unreasonable manner if he knew of ways to reduce the harm but knowingly declined to act or if he knew of ways to reduce the harm but recklessly declined to act." *Id.* at 620 (quotation marks omitted).

Section 1983 "requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (quotation marks omitted). "Section 1983 thus focuses our inquiry on whether an official's acts or omissions were the cause—not merely a contributing factor—of the constitutionally infirm condition." *Id.* Common law tort principles of damages and causation apply in the § 1983 context. *Jackson v. Sauls*, 206 F.3d 1156, 1168 (11th Cir. 2000).

> Under traditional tort principles, causation has two required elements: cause-in-fact and legal or proximate cause. A plaintiff must first show that the constitutional tort was a cause-in-fact of the injuries and damages claimed. To establish cause-in-fact, the plaintiff must show that except for the constitutional tort, such injuries and damages would not have occurred. Secondly, a plaintiff must show that the constitutional tort was the legal or proximate cause of the injuries and damages claimed. An act or omission is a legal or proximate cause of a plaintiff's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

6

*Id.* at 1168 n.16 (citations omitted).  Thus, "[f]or damages to be proximately caused by a constitutional tort, a plaintiff must show that, except for that constitutional tort, such injuries and damages would not have occurred and further that such injuries and damages were the reasonably foreseeable consequences of the tortious acts or omissions in issue." *Id.* at 1168.  "The causal relation does not exist when the continuum between [the] [d]efendant's action and the ultimate harm is occupied by the conduct of deliberative and autonomous decision-makers." *Dixon v. Burke*, 303 F.3d 1271, 1275 (11th Cir. 2002).  A defendant's actions are not the proximate cause of a plaintiff's injury where there was an independent intervening cause.  *See Troupe v. Sarasota Cty.*, 419 F.3d 1160, 1166 (11th Cir. 2005).

The district court did not err by granting Halsey's motion for summary judgment.  Halsey's actions did not cause Buckman's injury because a videorecording of the dayroom shows that Buckman started the fight with Ash, which was an independent intervening cause of Buckman's injury.  *See Troupe*, 419 F.3d at 1166.  Because Buckman cannot show that Halsey caused his injuries, he cannot prove an element of a failure-to-protect claim.  *See Bowen*, 826 F.3d at 1320.  While Buckman contends he had no option but to attack Ash first to minimize the harm from the supposedly imminent attack, the video evidence supports the district court's conclusion that Buckman had other options to prevent

himself from being injured by Ash. Specifically, the video evidence shows there was a guard stationed at the dayroom door and Buckman does not contend he called for help before attacking Ash. Furthermore, Buckman's citation of Florida's stand-your-ground law is unavailing because the statute only provides immunity to certain types of cases and cannot be used to support a plaintiff's failure-to-protect claim.

Even if Buckman could establish that Halsey caused his injuries, he cannot show that Halsey was deliberately indifferent. Halsey responded to the risk in an objectively reasonable manner because he left Ash in handcuffs and leg chains and left a guard to supervise the dayroom. Furthermore, Halsey responded quickly to the fight and quelled it in approximately 30 seconds.

## II.  CONCLUSION

We lack jurisdiction over the magistrate judge's order denying Buckman appointment of counsel because it was a previously uncontested, non-dispositive order. Additionally, the district court did not err when it granted summary judgment because Buckman broke the causal connection between Halsey's action and his injuries when Buckman started the fight with Ash. Further, Buckman cannot show Halsey was deliberately indifferent because Halsey took reasonable steps to mitigate the risk of a harmful incident between Buckman and Ash by leaving Ash in most of his restraints, stationing a guard outside of the room where

8

the incident took place, and breaking up the fight in approximately 30 seconds.

Accordingly, we affirm the district court's grant of summary judgment.[4]

**AFFIRMED IN PART, DISMISSED IN PART.**

---

[4] In light of our ruling above, we need not address Halsey's argument that we can affirm on the alternative basis that Buckman failed to exhaust his administrative remedies.

9